## J. & I. KUHN v. GRAVES.

1. PERSONAL PROPERTY: POSSESSION. Possession of personal property,

after sale, by the vendor, does not prejudice the rights of the purchaser, if a written instrument conveying the same has been duly executed, acknowledged and recorded.

2. SAME.   A bill of sale of personal property, in which there is no stipulation that the vendor shall retain possession, is, if filed for record, notice to subsequent purchasers and to creditors, even when the property remains in the possession of the vendor.

3. WRIT OF ATTACHMENT.   Property is bound by a writ of attachment only from the levy of the writ.

*Appeal from Hardin District Court.*

THURSDAY, OCTOBER 13.

The material facts are fully stated in the opinion of the Court.

*Casady & Crocker* and *Wilson* for the appellants, in support of their views, cited Code of 1851, sections 1193–95; *Watson* v. *Williams*, 4 Black. 26; *Hawkins* v. *Ingalls* Ib. 35; *Camp* v. *Camp*, 2 Hill 628.

*H. C. Henderson* for the appellee.

STOCKTON, J.—Replevin for personal property.  The plaintiffs make title under a bill of sale and conveyance from Zachariah Emmish, regularly acknowledged, certified and recorded.   The defendant was a constable, and claimed the property by virtue of a levy and seizure under a writ of attachment issued by Ellis Parker, a justice of the peace of Hardin county, at the suit of G. M. Woodbury, against Z. Emmish & Brothers.    He avers in his answer that he took the property from the possession and control of Z. Emmish & Bros. as their property, and denies that the plaintiffs owned the same, or any part thereof.   Replication and issue joined.

The plaintiffs gave in evidence, the bill of sale from Z. Emmish, and a power of attorney from themselves to Emmish, to sell and dispose of the property.   This being all the evidence, they asked the court to instruct the jury that, " if the bill of sale was executed, acknowledged, and recorded

J. & I. Kuhn v. Graves.

before the levy of the writ of attachment, defendant was bound to take notice of the same; and in the absence of fraud between the plaintiffs and Emmish, the jury will find for the plaintiffs." This instruction the court refused to give; and refused to charge the jury that, "unless they were convinced of the existence of fraud in the transaction, and that the plaintiffs participated therein, they must find for the plaintiffs;" but gave the last instruction, with this qualification: "Provided the jury find that the bill of sale contained a stipulation that the property was left in the possession of the seller, Emmish."

At the request of the defendant the court instructed the jury: "That a bill of sale of personal property under which the actual possession is not taken by the purchaser, but is retained by the seller, will not pass the property of the seller so as to cut off attaching creditors, though acknowledged and recorded, unless the instrument provides for the property remaining in the possession of the seller. There being no such provision in this case, the plaintiffs were entitled to the possession of the goods, and the recording of the bill of sale is not such notice of their ownership, if found in the possession of Emmish, as will cut off the rights of attachment or judgment creditors. If the jury are satisfied from the evidence that no other notice than that contained in the record was given to defendant, they will find for defendant."

"A bill of sale of personal property executed and recorded which does not provide that the property shall remain in the possession of the grantor, is not notice that the property, after that time found in his possession, is not his property; but he is presumed to be the owner of all personal property in his possession."

Under these instructions the jury found a verdict for the defendant, and a judgment was rendered in his favor for a return of the property replevied.

The instructions asked by the plaintiffs should have been given. The goods were bound only from the service of the

writ, and if the bill of sale to the plaintiffs was executed, acknowledged and filed for record before the levy by defendant, he was bound to take notice of the same, and of the title which passed by it to the plaintiffs. The qualification added by the court to the instructions asked by the plaintiffs, as well as the instructions given by the court at the request of the defendant, was erroneous. The vendor of personal property may retain possession thereof, where there is a written instrument conveying the property, executed, acknowledged and filed for record. Otherwise the sale or mortgage of personal property, where the vendor or mortgagor retains actual possession, is not valid against existing creditors or subsequent purchasers without notice. Code, section 1193; *McGavran* v. *Haupt, ante.* When filed for record, and duly noted by the recorder as required by section 1194, the bill of sale or mortgage is deemed complete as to third persons and is to have the same effect as though accompanied by the actual delivery of the property sold or mortgaged. Code section 1195.

Judgment reversed.