## BOARD OF COMMISSIONERS FOR THE SALE OF SCHOOL LANDS, APPELLANTS, *v.* A. D. BABCOCK, ET AL., RESPONDENTS.

INDEX—NO PART OF RECORD OF CONVEYANCE.—The index is no part of the record of a conveyance. When the grantee delivers his deed to the county recorder and has it copied by him into the proper book, he has done all the law requires of him to give notice to subsequent purchasers, and the party who suffers through the neglect of the clerk to properly index such conveyance, must look to the clerk and his sureties for redress.

APPEAL from Polk County.

In July, 1871, the respondent, A. D. Babcock, owned the land in question, and at that time executed a mortgage

thereon to the appellants to secure the sum of five hundred dollars. In said month of July, 1871, said mortgage was by the clerk of Polk County copied into the record of mortgages for said county, but was not indexed as by law required, or in any manner; and immediately after being so copied, was delivered to the plaintiffs. In December, 1871, one Leona R. Babcock obtained a judgment in the Circuit Court of the State of Oregon for the County of Polk, against said A. D. Babcock, for the sum of five hundred and twenty-four dollars. On the 15th day of May, 1873, in the same court, one S. M. Babcock obtained another judgment against said A. D. Babcock, for the sum of five hundred dollars.

Executions were issued on said judgments, and said land was duly levied upon by the sheriff of Polk County and sold to satisfy said executions, on the 30th day of August, 1873, to Boise, Lady et al., and said sale was, by said Circuit Court, duly confirmed on the 25th day of November, 1873, and sheriff's deed was duly executed in accordance with said sale and confirmation to said purchasers on the 28th day of February, 1874, which sheriff's deed was duly recorded and indexed on the 3d day of February, 1874, in the records of said Polk County. The respondents, Boise, Willis, and Lady, now own and represent all the interest conveyed by said sheriff's deed. Neither Boise, Willis, nor Lady, nor any of the purchasers at said sheriff's sale, had, until after the execution and recording of all the conveyances above mentioned, any notice or knowledge whatever of the execution of plaintiff's mortgage, unless the copying thereof aforesaid, without any index thereof, was constructive notice to them.

Upon these facts a decree was had in the court below in favor of the defendants, from which plaintiff appeals.

*R. S. Strahan and L. Vineyard,* for Appellants.

We maintain that the plaintiffs cannot be prejudiced by the mistake, inattention or neglect of a mere clerical officer after they had done all that the law required them to do.

(*Dodge* v. *Potter*, 18 Barb. R. 193, 202; 54 Barb. 467; 16 Ill. 450; 2 Am. R. 533.)

And it is elementary law that the record of a mortgage is sufficient notice, though not mentioned in the alphabet or index. (1 Hilliard on Mortgages, 721, § 46; *Curtis* v. *Lyman* 24 Vt. 338; 13 U. S. Dig. 475, § 45; *Green* v. *Carrington*, 16 Ohio St. R. 548; 2 Am. R. 533; 38 Ill. 252.)

For the misfeasance or nonfeasance the recorder is liable to the party injured, and in this case the persons injured are those who were misled by the want of the index. (*Green* v. *Carrington*, 16 Ohio St. R. 551.)

Section 23, ch. 6, Mis. Laws, provides the books in which deeds and mortgages are to be recorded. Section 24 requires the clerk to certify upon every conveyance when the same was recorded, which shall be considered as recorded at the time it was so received, and § 25 provides for the index. The word *record* in these sections is evidently used in its ordinary sense—to register; to enroll; to record a deed or lease. (Webster's Dic.)

*Boise & Willis and P. C. Sullivan,* for Respondents.

Registry acts should be liberally construed to protect *bona fide* purchasers. (*Ford* v. *Burch*, 6 Barb. 69; *Chamberlin* v. *Bell*, 7 Cal. 292.)

The act of registry, unless in full and strict compliance with the law, is to be treated as a mere nullity. (1 Story Eq. Juris., § 404; *Jenning* v. *Wood*, 20 Ohio, 261; and 7 Cal. 292.)

The index is a necessary part of a complete record, as much so as the copy of the instrument. (Mis. Laws, ch. 6, §§ 23, 25; *Gwynn* v. *Turner*, 18 Iowa, 1; *Whally* v. *Small*, 25 Iowa, 184.)

If the clerk should fail to make the proper entries in the docket after judgment is rendered and entered in the journal of the court, the redress of an aggrieved judgment creditor is against the clerk only. A party searching the records is not required to look beyond the lien docket, which is only an index of the judgment rendered. (Freeman on Judgments, § 343; *Hance's Appeal*, 1 Penn. St. R. 408; *Ridgeway, Budd & Co.'s Appeal*, 15 Penn. St. R. 177.)

By the Court, BURNETT, J.:

The only question presented by this appeal is, whether a mortgage of real property, properly filed and recorded in the clerk's office of the county where the lands lie, but not indexed, is constructive notice to subsequent purchasers of the same real property. It is contended by counsel for respondent that, because the mortgage in question was not indexed by the clerk, it was not recorded according to law, and, therefore, failed to give even constructive notice to a subsequent purchaser. This necessarily raises the question, whether the index is a part of the record, and whether the mortgagee has done all that the law requires of him, to give notice to a subsequent purchaser, when he procures his mortgage to be filed in the clerk's office and recorded in the proper book. In the case at bar, the mortgage was duly filed and regularly recorded, and a certificate indorsed on the instrument stating that fact. The mortgagee then relied on the assurance that the clerk had done his whole duty, and that he would be protected in his rights; but, by the neglect and carelessness of that officer, no index to the mortgage was made, as the statute directs, and hence persons searching the records were liable to be misled as to the existing incumbrance. The sections of the statute bearing upon this subject are as follows: "§ 23 (Mis. Laws, Chap. 6). Separate books shall be provided by the county clerk in each county for the recording of deeds and mortgages; in one of which books all deeds left with such clerk shall be recorded at full length, with the certificates of acknowledgment or proof of execution thereof; and in the other, all mortgages left with the county clerk shall in like manner be recorded." The next section (§ 24) provides that the county clerk "shall certify upon every conveyance recorded by him, the time when it was recorded, and a reference to the book and page where it is recorded, and every conveyance shall be considered as recorded at the time it was so received." The next section (§ 25) provides that he shall keep an index, direct and indirect, to the books for recording deeds and mortgages. The next section (§ 26) is as follows: "Every conveyance of real

property within this State hereafter made which shall not be recorded, as provided in this title, within five days thereafter, shall be void against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded." It follows, of course, that if the conveyance shall be recorded, as provided in that title of the statute, then it will be valid.

It is claimed by counsel for respondent that the language of § 26, requiring the conveyance to be recorded as "provided in that title," and the section requiring the clerk to keep an index to the books for the recording of deeds and mortgages being contained in the title referred to, it should be construed to require all such conveyances to be indexed as well as recorded, in order to give notice to subsequent purchasers; or, in other words, that the index is a part of the record. But this I do not think is a proper construction of the statute. Section 23, heretofore quoted, is complete in itself, and fully defines what is the record of a conveyance, and the index is made no part of it. Again, the section providing for the index, after requiring that it shall contain the name of every party to each and every instrument recorded, provides that such index shall contain a reference to the *book* and page where the same is *recorded*. It would seem to be a contradiction in terms to say that the index shall refer to the record, and at the same time say that it is a part of the record.

There are some other sections of the statute that indicate that the index is not treated as any part of the record; for instance, § 27 provides that the record of a conveyance, duly recorded; etc., may be read in evidence, etc.; and § 30 provides that any mortgage that has been or may hereafter be recorded, may be discharged by an entry on the margin of the record thereof. It is claimed that it would be a great inconvenience to require persons examining titles to go beyond the index in their examination. This may be so, but there is no argument that can be founded upon the inconvenience of the matter that will not apply with equal force in either view. This brings us back to the point whether

the grantee or mortgagee has done all the law requires of him, to give notice to subsequent purchasers, when he files his conveyance in the clerk's office, and has it recorded in the proper book; if so, then he is entitled to protection, and the party who suffers through the neglect of the clerk to do his duty in making an index, must look to the clerk and his sureties for redress. To give the statute the construction claimed by respondent's counsel would require § 26 to be read that every conveyance which shall not be recorded and indexed as provided in this title shall be void as against subsequent purchasers.

The Iowa statute, upon which the cases in 18th and 25th Iowa Reports referred to and relied on by respondent's counsel are based, reads as follows:

"SEC. 1943. The recorder must keep an entry book, or index, the pages of which are so divided as to show, in parallel columns: 1. The grantors; 2. The grantees; 3. The time when the instrument was filed; 4. The date of the instrument; 5. The nature of the instrument; 6. The book and page where the record thereof may be found; 7. The description of the land conveyed.

"SEC. 1944. The recorder must indorse upon every instrument, properly filed in his office for record, the time when it was so filed, and shall forthwith make the entries provided for in the preceding section, except that of the book and page where the record of the instrument may be found, and from that time such entries shall furnish constructive notice to all persons of the rights of the grantee conferred by such instrument."

It will be seen that the Iowa statute expressly provides that the index shall furnish constructive notice. No doubt our Legislature might have made the same provision in regard to our registry act; but, in the absence of such a provision, I conclude that the filing and recording furnish such notice; and this view is sustained in all the States that have registry acts similar to ours.

In the case of *Bishop* v. *Schneider* (46 Mo.), the Supreme Court of Missouri, in passing upon the identical question presented in this case, and on a statute very much like ours,

Judge Wagner delivering the opinion of the court, says: "In my opinion the proper office of the index is what its name imports, to point to the record; but that it forms and constitutes no part of the record. The statute states, without reserve or qualification, that when an instrument is filed with the recorder, and transcribed on the record, it shall be considered as recorded from the time it is delivered. From that time forth it is constructive notice of what was actually copied. A subsequent section, for the purpose of facilitating research, besides recording, devolves a separate, distinct, and independent duty upon the recorder, and in the event of non-compliance with that duty the party injured has his redress. The purchaser, or grantee, when he has delivered his deed, and seen that it is correctly copied, has done all the law requires of him for his protection; and if any other person is injured by the fault of the recorder in not making the proper index, he must pursue his remedy against that officer for the injury." And to the same effect are the cases in 24 Vermont, 338; 16 Ill. 450; 16 Ohio, 548; and 28 Texas, 605.

In accordance with these views, the decree of the court below will be reversed.

Mr. Justice McARTHUR dissented.