### John S. Hurd v. William R. Brown.

*Contract of Indemnity Construed as a Mortgage.*

A contractor entered into a contract of indemnity with his surety whereby, in consideration of the suretyship, he assigned to him all his interest in the original contract, with full power to control it and receive all the pay thereon, the surety "becoming responsible for all materials furnished," title to which should pass to him immediately, on sale to his principal. *Held* that this contract of indemnity only amounted to a mortgage on the materials, and not being filed did not protect materials that had been sold to the principal before it was executed, from seizure on execution.

Error to Jackson.   Submitted Oct. 9.   Decided Oct. 30.

REPLEVIN.   The facts are in the opinion.   The court below instructed the jury that the legal effect of the instrument recited in the opinion was that of a security simply, and being a mortgage or mere security, the plaintiff could not recover in replevin for the goods it covered unless he had put it on record, or the sheriff knew of it.   It did not appear from the evidence that the instrument had been filed until after the levy, or that the sheriff knew that the plaintiff had any interest in the property seized.   Under the charge, the jury found for the defendant, and the plaintiff brought error.

*D. & W. Johnson* for plaintiff in error.

*W. K. Gibson* for defendant in error.   A mere security

for purposes of indemnity does not pass title, *Batty v. Snook*, 5 Mich., 231; *McKinney v. Miller*, 19 Mich., 142; *Enos v. Sutherland*, 11 Mich., 538, and cannot be allowed the effect of a sale, *Cornell v. Hall*, 22 Mich., 377.

MARSTON, J.    Lewis A. Dauby contracted with the city of Jackson to furnish and lay certain water-pipes therein, and the plaintiff Hurd became his surety for the performance thereof.    To secure Hurd against any loss by reason of his so becoming surety, Dauby executed and delivered to him an agreement as follows:

"This agreement between Lewis A. Dauby, of the one part, and John S. Hurd, of the other part, witnesseth: that the said John S. Hurd has this day become surety for the said Dauby for the faithful performance, on his part, of a certain contract entered into by the said Dauby with the mayor, recorder and aldermen of the city of Jackson, bearing date the 27th day of September, 1875, for the furnishing and laying certain water-pipes therein mentioned, as by reference to said contract will more fully appear.

Now, therefore, in order to secure and save harmless and fully indemnify the said Hurd from all danger and liability, by reason or on account of such suretyship, it is hereby agreed that all the interest of the said Dauby to said contract shall be, and is hereby, assigned to said Hurd, with full power and authority to control the same in every respect, as if he was the original contractor, and to receive from the city all the pay therefor.    He, the said Hurd, becoming responsible for all the material furnished, the title of which shall pass to him immediately on the sale from the vendors to said Dauby, and also becoming responsible for all the labor performed on said work, with full power and authority to draw the pay for said work.    All of which is agreed to on the part of the said Dauby; but it is understood if there are any profits realized upon said contract the same shall belong to the said Dauby.

Witness our hands and seals this fifth day of October, A. D. 1875.

L. A. DAUBY.    [L. S.]

J. S. HURD.    [L. S.]"

The record in this case furnishes us with no information as to the terms or conditions of Dauby's contract with the city of Jackson, except as appears in this agreement between Dauby and Hurd.

It appeared on the trial that Dauby, before he executed this agreement to Hurd, had purchased or bargained for a quantity of iron pipe, in his own name, and that "Hurd had nothing whatever to do with the buying of such pipe."

This pipe was consigned to Dauby and arrived at the Michigan Central depot after the execution of the contract between Dauby and Hurd. The defendant Brown, who was sheriff of Jackson county, by virtue of a valid execution against Dauby, upon the 27th day of October, 1875, and while this iron was still at the depot, levied upon this iron as the property of Dauby. Hurd then brought this action of replevin, claiming title to the iron under and by virtue of his agreement with Dauby.

The case in the court below, as it was there tried, depended and turned upon the construction to be given to this instrument between Dauby and Hurd. On the part of the plaintiff it was contended that this instrument was a bill of sale and passed the title to the iron absolutely to Hurd, while the defendant claimed that it was but a mere security to indemnify Hurd against a contingent liability; that Hurd not having taken possession of the iron, and the instrument not having been filed in accordance with the statute, the security was void as against Dauby's creditors. The instrument given in this case differs in material respects from those in *Holmes v. Hall*, 8 Mich., 66, and *Dalton v. Laudahn*, 27 Mich., 530. In neither of those cases did the instrument purport to change in any way the title to the property, but merely authorized the parties, upon the happening of a certain contingency, to take possession of the property, and in each case it was held that the instrument was not a mortgage. In this case Dauby not only assigned all interest in his contract with the city to Hurd, but also the title to all materials, immediately on the sale thereof from the vendors to him (Dauby). But this assignment or sale was a conditional one. It was expressly declared to be one of security or indemnity merely. If Dauby performed in all respects his contract with the city, Hurd would not be damnified in any way, and he would have to account to Dauby

for any and all property and money he (Hurd) might have received.    We place no particular stress upon the clause in this contract which undertook to make Hurd responsible for all materials furnished.    There is no certainty that Hurd would be in any way responsible to third parties for the property levied upon in this case under such an agreement. *Turner v. McCarty*, 22 Mich., 266.   Such a clause gives him no additional right to property that Dauby may have purchased in his own name.    The record in this case shows that the iron levied upon was purchased by Dauby before he entered into this agreement of indemnity with Hurd, and as the whole object of that instrument seems to have been one of security, the interest which Hurd acquired in the iron in question was that of a mortgagee merely.    Hurd did not claim to have any interest in the iron other than what he acquired under this instrument.    It follows, therefore, that the view taken by the court below was correct, and that the judgment must be affirmed with costs.

The other Justices concurred.