## EUGENE PARSELL V. ARTEMAS THAYER.

*Equitable mortgage—Change of possession—Notice.*

An instrument securing a single creditor out of several, on property which by its terms can be disposed of only to pay the secured debt, is an equitable mortgage and not an assignment for the benefit of creditors and can be avoided only for actual fraud.

An immediate and continuous change of possession into the hands of a mortgagee is the best possible notice of his rights as against all others.

Error to Genesee. Submitted Oct. 16. Decided Oct. 29.

REPLEVIN. Defendant brings error.

*Long & Gold* and *M. E. Crofoot* and *Harrison Geer* for plaintiff in error. For the distinction between an assignment for the benefit of creditors and a mortgage, see *Briggs v. Davis*, 21 N. Y., 574; an instrument

intended as a bill of sale but stating that it was given to secure other creditors, was construed as an assignment and held void as to creditors, *Page v. Smith*, 24 Wis., 368; see *Sharpless v. Welsh*, 4 Dal., 279; *Watson v. Bagaley*, 12 Penn. St., 164; *Beers v. Lyon*, 21 Conn., 604; where an instrument on its face cannot be sustained as against creditors, it is fraudulent as to them, *Pierson v. Manning*, 2 Mich., 445; *Bagg v. Jerome*, 7 Mich., 157; *Gay v. Bidwell*, id., 530.

*W. Newton* and *S. Howard* for defendant in error.

CAMPBELL, C. J.   Replevin was brought against the sheriff of Genesee for property held under levy, claimed by the plaintiff below by an instrument previously executed by the execution debtor.

The main question raised is whether the instrument was an assignment for the benefit of creditors, and void for not containing the legal requisites of such assignments.

It is upon its face a transfer to a bank for a valuable consideration of certain lands, machinery and lumber, of all book accounts, notes and demands.   It is declared on its face to be given to secure $15,283.26 with interest at ten per cent., and it authorized the grantee to take possession of and run the mill and machinery, and dispose of the lumber and other property to pay the debt and expenses of management, leaving the balance to belong to the grantor.

It would be difficult to find a paper having less resemblance to an assignment for creditors than this. It does not purport to proceed on any insolvency, and does not set forth any inability to pay debts or that any other debts existed.   It is an instrument intended to secure a single creditor on property which could only be disposed of to pay the secured debt, and which was therefore an equitable if not a legal mortgage, and no more.   It would be useless to discuss authorities on such a plain document.

Not being bad on its face, it could only be avoided for actual fraud. Comp. L., § 4716; *Oliver v. Eaton*, 7 Mich., 112.

The levy is shown by the execution creditor's agent who swore out the attachment, to have been made after he had seen the mortgage on the premises in possession of the mortgagee's agent, who was shown to have taken possession. There was no ground for the request to charge that unless filed before levy no notice would supply the place of filing. The statute requires neither notice nor filing where there is an immediate and continuous change of possession. There being evidence to go to the jury of such a change, that element could not have been left out of the request without making it misleading. Notice by such possession would be the best possible notice under the language of the statute. Comp. L., § 4706.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.