## NICKLIN v. BETTS SPRING CO., ET AL.

BILL OF SALE—CHATTEL MORTGAGE.—A bill of sale, absolute in its terms, becomes a chattel mortgage upon proof by parol that it was made to secure a debt.

IDEM.—It is not only a mortgage between the parties to it, but as to third parties, who are affected with notice.

IDEM.—A bill of sale, as such, is not entitled to record, and a record of a bill of sale is an absolute nullity.

MORTGAGE FOR FUTURE ADVANCES.—The lien will only attach from the date of the advances, and not from the date of the mortgage.

APPEAL from Multnomah County.

*Albert S. Frank*, for appellant.

*P. L. Willis*, for respondents.

By the Court, LORD, J.:

The plaintiff took from the defendant, Nelson, a bill of sale, intended to operate as a mortgage of certain property belonging to him, and which the plaintiff left in his possession and which the defendant, Betts' Spring Co., attached after such bill of sale had been filed and recorded. Thereafter, the plaintiff commenced suit to foreclose, and the defendant, Betts' Spring Co., answered claiming the lien of said attachment was to be preferred to any lien or rights accruing under such bill of sale. After issue joined, the matter was referred to a referee, who, after taking the evidence, reported to the court his findings of fact and conclusions of law. These findings were set aside by the court below and a decree rendered adjudging the lien of the plaintiff under such bill of sale to be prior to that acquired by the attachment, and from which decree the defendant, Betts' Spring Co., appeals to this court.

As grounds of error, it is alleged, (1) that the bill of

sale was not entitled to be entered of record as a mortgage, and must, therefore, be postponed to the lien of the attachment; and as a matter of law was fraudulent; (2) that the bill of sale was executed and delivered without consideration, and with the intent to defraud, delay and hinder creditors; (3) that the amount of the consideration recited in the bill of sale was in excess of the amount due and owing the defendant, Nelson, by the plaintiff, and exceeded such indebtedness in the sum of $750. As a reply to the matter of false consideration, the plaintiff alleged that it was given to cover future advances; and further alleged that previous to and up to the time of the execution and delivery to him of the bill of sale now in question, the defendant, Nelson, more than a year prior to this had executed and delivered to him, for a valuable consideration, a bill of sale to secure this same debt, and which was duly filed in the clerk's office and which up to the time of the execution and delivery of the last bill of sale—the one now in dispute—covered nearly all of the same property. It is hardly necessary to cite authorities to show that a bill of sale absolute in its terms becomes a chattel mortgage upon proof by parol that it was made to secure a debt. It is the nature of the transaction at its inception which determines the character of the instrument. If it be in form a bill of sale, but the transaction was intended to secure a debt, it is a mortgage, and parol evidence is admissible to show the true nature of the transaction for this purpose. And it is not only mortgage between the parties to it, but also as to third parties who are affected with notice. (Jones on Chattel Mort., sec. 22 and n.) The evidence shows that the bill of sale was given to secure a debt of $2,250 and for future advances not to exceed $750, making a total of $3,000, the amount of the consideration recited in the bill of sale.

Without detailing the particulars, the evidence shows substantially this state of facts: For more than a year prior to the execution and delivery of the bill of sale in controversy, the plaintiff had been loaning and procuring others to loan on his credit to the defendant, Nelson, as he needed it, from time to time, money to carry on his business, taking therefor the notes of the said defendant, and during which time the plaintiff held a chattel mortgage for $3,000 in the form of a bill of sale, but intended and filed as a chattel mortgage on part of the property how in dispute. In the latter part of November, 1883, the plaintiff being ill, placed the matter of his business with the defendant, Nelson, in the hands of a Mr. White, as his agent, with instructions to to take of the defendant, Nelson, a new mortgage for the same sum which should operate for the present as the former one had, as a security for the sum of $2,250 then due, and such additional sums, not to exceed in the aggregate the said sum of $3,000, as might be necessary to prepare the mortgaged goods for market, and the proceeds of the sale of the goods, when marketed, were to be applied on the plaintiff's claim until it was paid, as he desired to collect his money. In pursuance of these instructions, a new mortgage in the same form as the former one, and like the former, intended as a chattel mortgage, was on the 30th day of November, 1883, duly executed by the defendant, Nelson, on the property in question, and on the same day presented by Mr. White, as the agent of plaintiff, to the county clerk of Multnomah county, in which county the property was located, and the clerk then endorsed thereon the time of receiving the same, and deposited the same in his office, and has ever since kept it there, for the inspection of all persons interested.

It is clear, as between the parties, the bill of sale was in-

tended to operate as a mortgage. But did the filing of it in the clerk's office have the effect to convey notice to third parties? Upon this point, the counsel for the defendant, Betts' Spring Co., contends that the instrument being in the form of a bill of sale the record can only convey notice of a bill of sale, and as there was no sale in fact, the instrument was evidentially false, and as a consequence thereof, legally fraudulent and void; and further, that the record, owing to the form of the instrument, does not convey notice to all. Our statute provides that it shall be the duty of the county clerk, upon the presentation for that purpose, of any mortgage or conveyance intended to operate as a mortgage of goods and chattels, or a copy of any such instrument, upon the payment of his fees, to endorse thereon the time of receiving of the same, and to deposit such instrument or copy in his office, to be kept for the inspection of all persons interested. (Code, p. 522, sec. 46.) This is all the provision in our law upon this subject.

A bill of sale as such is not entitled to record, and a record so called of a bill of sale is an absolute nullity. The instrument in question was entitled to record only as and because it was a mortgage; and if the record is notice at all it is notice as a mortgage. Mr. Jones in his work on Chattel Mortgage says: "A bill of sale absolute upon its face, but executed as a security and intended to operate as a mortgage, is within the operation of a statute making void a mortgage not recorded, in case the property be not delivered to and retained by the mortgagee. (Jones on Chattel Mortgages, sec. 275.) In *Khun* v. *Graves*, 9 Iowa, 305, it is held that a bill of sale of personal property, in which there is no stipulation that the vendor shall retain the possession, is, if filed for record, notice to subsequent purchasers

and to creditors, even when the property remains in the possession of the vendor.

In Howell's Annotated Statutes of Michigan, it is said that sec. 6193 (which is almost identical with sec. 46, Or. Code, p. 522,) was designed to provide a system applicable to every instrument or conveyance intended to operate as a mortgage of goods and chattels, and to this extent it supersedes and takes the place of sec. 6190 (which is of similar purport to sub. 40 of sec. 766, Or. Code, p. 262.) That under sec. 6193 the question of good faith and want of any intent to defraud creditors of the mortgagor and purchasers in good faith, cannot arise. And that as to them nothing short of a change of possession or filing of the instrument as the section requires can save it. (*Cooper* v. *Brock*, 41 Mich., 491–2.) And in that state it has been held that a bill of sale, or other conveyance of goods and chattels, although absolute in terms, if given as a security, is a mortgage. (*Fuller* v. *Parrish*, 3 Mich., 211; *Parsell* v. *Thayer*, 39 Mich., 467; *Hurd* v. *Brown*, 37 Mich., 484.) And unless filed as a mortgage or followed by an immediate change of possession, it will be void as against creditors and subsequent purchasers. (*Hurd* v. *Brown*, *supra*.) The instrument was entitled to record according to its real character. (*James* v. *Morey*, 14 Am. Dec., and note of authorities, 573.) Being intended to operate as a mortgage, it was filed as such with the proper officer of the county, and filed by him in his office for the purpose of imparting the notice designed by the statute. A chattel mortgage is recorded by filing it in the office, and there is no law for recording any other instrument in that way. When, therefore, the clerk received it, and placed it on file in his office, it became the record of a chattel mortgage. This filing or registration was equivalent to change of possession of the property, or

obviated the necessity of it. Although the law requires such instruments to be indexed among chattel mortgages, it would seem that the omission of the clerk to do it, would not invalidate such mortgage as to third parties for want of notice, as the index constitutes no part of the record. (*Board of Com.* v. *Babcock*, 5 Or., 472.)

The only remaining question is as to the validity of a chattel mortgage to secure future advances, which includes the two last grounds upon which error is claimed. Upon this subject, Mr. Herman says: "In respect to the validity of mortgages for existing debts and future advances, there can be no doubt, if any principle of the law can be considered settled by the decisions of the courts, that a mortgage made to secure future liabilities and contingent debts, described with reasonable certainty, in the absence of all fraudulent intention, is valid; and this, whether the matter of future advances appears on the face of the instrument, or note, is proved solely by the testimony of witnesses." (Herman on Chattel Mortgages, sec. 53, 111, and authorities cited in note.) The fact is, this whole subject has been considered by this court, and the principle decided covers the case at bar. In *Hendrix* v. *Gore*, 8 Or., 409, the court say: "The true principle to be deduced from all these cases seems to be, that when a mortgage is given in good faith to secure a present indebtedness and future advances, whether the object be expressed in the mortgage or not, it is valid to the extent of the lien therein expressly created. It is always better, however, that the mortgage should be drawn so as to show the true object and purpose of the transaction, for suspicion is engendered by misrepresentation, but disarmed by a statement of the truth." (*Sheries* v. *Carg.*, 7 Cranch., 34.) The effect of the omission is to render the transaction more liable to suspicion and to put

the holder of the mortgage upon stricter proof of payment of the consideration, but the omission does not render the security invalid. The existence of the indebtedness as set up by the plaintiff in his complaint is undisputed. There is no evidence of fraud, or that the consideration was greatly in excess of any advances expected to be made. It seems, however, that counsel for the defendant, Betts' Spring Co., supposed that there must be some binding obligation to make future advances, which the defendant, Nelson, could have enforced against Nicklin. But this is not so. Expectation to make future advances is sufficient, only with this difference from where the party is legally bound, namely, that the lien will only attach from the date of the advances, and not from the date of the mortgage. (*The Bank of Mont. Co.'s appeal*, 36 Pa. St., 172; *McClure* v. *Roman*, 52 Pa. St., 460; *Brown* v. *Kiefer*, 71 N. Y., 610; 101 U. S. R., 626; *Commercial Bank* v. *Cunningham*, 35 Am. Dec., 325.) It is doubtless true, as suggested by the chief justice, that the defendant, "knowing that fraud and deceit abounded in these days not much, if any, less than in the time of Twyne's case, cited by their counsel, honestly suspected some taint of fraud pervaded this transaction, whose true nature was not disclosed on its face, and could be uncovered by a judicial investigation." But it has turned out otherwise, and the decree of the court below must be affirmed.

Judgment affirmed.