(Superior Court of Cincinnati.)
1897.

### WILLIAM A. HAMILL v. ROGERS WRIGHT, ADM'R.

1. Where a conveyance is made upon a valuable consideration, such a conveyance is valid as against existing creditors of the grantor unless the transaction was intended to delay, hinder and defraud such creditors.

2. Inadequacy of consideration as a ground for setting aside a contract has its basis in fraud, and the necessary fraud must be proven from the evidence in the case.

3. In the determination of the question whether the contract is tainted with fraud, the adequacy of the price is one of the circumstances to be considered, and where there is so great a disparity between the actual value of the property disposed · of, and the amount stipulated in the contract, as under the circumstances, to shock the moral sense and lead irresistibly to the conclusion that the intent was fraudulent, the court presumes that such was the intent. The presumption however, is not conclusive; but may be over-come by the other evidence in the case upon the question of fraud.

---

SMITH, J.

This is an action brought by a creditor of Alfred G. Rogers, who is now dead, to set aside a conveyance of real and personal property, made by him to his mother, Mary R. Rogers, on the ground that the same was made in fraud of his creditors, and is therefore null and void.

The plaintiff became a creditor of Alfred

Rogers in 1881 and in 1887 he recovered a judgment against him in Colorado, for seventeen thousand dollars (S17,000.00): subsequently the sum of $5,000, was paid upon this judgment; and in 1892, in an action upon the balance of this judgment with interest, the plaintiff recovered, in the common pleas court of Hamilton county, a judgment for $17,979, which remains unsatisfied.

On March 4th, 1891, Joseph H. Rogers died intestate, at Cincinnati, leaving a widow, the defendant Mary A. Rogers, and seven children, one of whom was the said Alfred G. Rogers. On March 13th, 1891, for a consideration of $15,000, said Alfred G. Rogers, conveyed to his mother, Mary R. Rogers, all of his interest in his father's estate. The consideration was made up of a payment to him by his mother, of $10,000, in cash, and the assumption by her of a debt of $5,000, which he owed to the estate of his father, for money loaned him during his father's lifetime.

This action is to set aside said conveyance because in fraud of the creditors of said Alfred G. Rogers.

As the valuable consideration of $15,000, passed from Mrs. Rogers to her son, Alfred, the transaction cannot be set aside at the instance of creditors of Alfred Rogers, unless the intention to defraud was present in the mind of Mrs. Rogers. Thus in Pomeroy Equity Jurisprudence § 972, it is declared that:

"Conveyances made upon a valuable consideration are not presumed to be fraudulent against existing creditors and the extent of the grantee's indebtedness, is wholly immaterial. Conveyances upon a valuable and even full consideration, are void against existing and subsequent creditors, if made with an actual express intent to hinder, delay or defraud them; but the intent cannot be inferred by presumptions, and must be proved by evidence legitimately tending to show its existence. Each case must necessarily depend upon its own circumstances." And in Harman v. Richards, 10 Hare, 81, 89, the vice-chancellor said: "Those who undertake to impeach for mala fides a deed which has been executed for a valuable consideration, have, I think, a task of great difficulty to discharge." See Pomeroy's Equity §971 and cases cited in note 2.

The evidence relied upon, by plaintiff, to show actual fraudulent intent, upon the part of Mrs. Rogers, may be reduced to two heads: First, the evidence as to knowledge that her son was heavily in debt: and, Second, evidence as to the inadequacy of the consideration.

As to the first class of evidence—Mrs. Rogers appears to be a woman without experience in business affair, and one who knew but little, if anything, of her husband's business, his practice being, never to discuss his business matters at home. Upon the subject of her knowledge of her son's indebtedness, she testified that she had no knowledge or information that he was in debt, except to his father; that she believed he was so heavily indebted to the estate that his interest in it would be of little, if any, value; that she had no knowledge of any specific debt to his father, except the debt of $5,000, the payment of which she assumed as part of the consideration of $15,000, in the deed of transfer.

It is true that upon this point she is contradicted by the plaintiff, who testifies that she was present at a meeting, in one of the hotels in Cincinnati, when plaintiff, Alfred Rogers, and his father, were present and that at that time the indebtedness of Alfred Rogers to plaintiff was the subject of discussion. Mrs. Rogers positively denies that she was present on that occasion. The evidence upon the point is confined solely to the statement by plaintiff, that she was present, and to the denial by her that she was. No corroborating circumstances appear in the case to sustain the plaintiff, and I therefore feel compelled to hold that the plaintiff has failed to prove, that at the time of the execution of the deed to her by her son, she was aware, that he was indebted other than to his father. But no fraudulent intent can be inferred from her knowledge of such indebtedness; because she believed, that such indebtedness would have to be paid out of Alfred Rogers' share of the estate, and that her purchase of his interest was subject to the right of the estate, to first pay itself before it made any distribution to Alfred Rogers; and that when this was done his interest in the estate would be of little, if any, value. She believed the amount paid for his interest, was not only equal to its value, but very much greater.

It is insisted by plaintiff, however, that the amount, determined upon and subsequently paid, was so inadequate, that a court of equity should not allow the transaction to stand, but must find that the same was fraudulent and void as to creditors.

Upon the subject of the value of the estate, left by Joseph H. Rogers, and of the value of the interest of Alfred Rogers, a large amount of testimony has been taken. The expert testimony, submitted by plaintiff, is that the value of the real estate is $132,000, but that from this must be deducted $1000, on account of a ground rent upon one piece, and the widow's dower of the value of about $18,000, leaving the total value $113,000. Whether the value of that part of the property upon which Edward Rogers built a house, should be deducted from this total valuation, upon the ground that the same was a gift to him by his father, I do not decide, because I do not find it necessary to do so.

The expert testimony of the defendants is that the real estate after deducting the dower interest is worth about $60,000.

As to the personal estate the inventory filed by the administratrix shows $266,000, in personal property and $39,907, in debts due the estate making a total valuation of

the personal estate of $305,907. There have already been paid $200,000, of debts, and of the $39,000 of indebtedness to the estate $10,000, is reputed as worthless; thus reducing the value of the personal estate to $95,907. From this amount there must be deducted for administrator and counsel fees, probably not less than $10,000, leaving $85,907; from this amount, must be deducted one-third as the widow s share, leaving $57,262, as the total value of the personal estate.

This estimate of the value of the personal estate, however, leaves out of consideration a judgment against the estate of $25,000, which was recovered against the estate, and reversed in the circuit court; but a proceeding in error is now pending in the supreme court to reverse the judgment of the circuit court. If the judgment of the circuit court is reversed, the personal estate will be reduced still further to the extent of $25,000. What the result of that litigation will be, of course, I could not predict.

Taking, however, the most favorable view of the value of both the real and personal estate, and giving the estate the benefit of a decision in the supreme court in its favor, its value would be as follows:

Real Estate........................$113,000.00
Personal Estate....................57,262.00
                                  _____
        Total....  ..........$170,262.00

Dividing this by seven would give the value of Alfred Rogers' share as $24,326.

But upon the same basis of valuation for the personal estate, and accepting as correct the testimony of the experts of the defendant, as to the value of the real estate. We should have

Real Estate.......................  $60,000.00
Personal Estate...................  57,262.00
                                  _____
        Total............$117,262.00

Dividing this by seven, would give the value of Alfred Rogers' share as $16,751. If there is deducted from the personal estate the $25,000, for the judgment referred to, the value of Alfred's share, according to plaintiff's figures, would be $21,943, and according to the defendant's would be $14,372.

In view of the uncertainty, as to the amounts which will be allowed by the probate court for administrator and counsel fees, the uncertainty as to whether the judgment against the estate will be affirmed, the wide difference between the experts in real estate, as to the value of the real estate, and the delay in settlement of the estate, the fact that a large part of the real estate is unimproved and producing nothing, it is a very difficult matter to aproximate to the value of the interest of Alfred Rogers, at the time of the execution of the deed, which is now the subject of controversy.

But in view of the law, which governs a court in determining the question, wheth er a transaction shall be set aside upon the ground of inadequacy, I do not think

it is necessary that an effort should be made to determine the exact value of the interest of Alfred Rogers. I think the foregoing statement as to its possible or probable value, is sufficient for the purposes of this case.

In Bispham, on Equity §219 the law is stated as follows:

"Ordinarily, inadequacy of consideration will be insufficient to set a bargain aside, or to justify a refusal to enforce its specific performance. Where, however, the inadequacy is so great as to "shock the conscience" (which is the phrase usually employed) the contract may be rescinded. Cases, indeed, very rarely occur, in which inadequacy of consideration exists alone, as a ground for rescission, for it is but seldom that a man would make a bargain of such a character, unless he were deceived by actual fraud, or were deficient in intellect, or were subject to undue influence, all of which circumstances would of themselves call for equitable interposition. A case, therefore, of fraud, from inadequacy of consideration, pure and simple, and unmixed with any other kind of fraud, is of very rare occurrence.

Nevertheless, the rule must be considered as well settled, although, rather by dicta than by decisions that a transaction will be set aside if there is "an inequality so strong, gross and manifest, that it must be impossible to state it to a man of common sense without producing an exclamation at the inequality of it."

The relief, however, in such cases is granted (it is said) "not on the ground of inadequacy of consideration, but on the ground of fraud as evidenced thereby."

See also, to the same effect, Wait on Fraudulent Conveyances, §232; Kerr on Fraud and Mistake, 187.

The Ohio authorities are to the same effect.

In Steele and others v. Worthington 2 O., 196, the court declared that "whenever equity does interfere with a contract or refuse its aid to carry it into execution, for inadequacy of consideration, it is on the ground of fraud, which must either be clearly proved or result irresistibly at the first view and without calculation from the grossness of the disparity."

The law may now be regarded as settled and especially, in this state, that inadequacy of consideration, as a ground for setting aside a contract, has its basis in fraud, and that the necessary fraud must be proven from the evidence in the case.

In the determination of the question, whether the contract is tainted with fraud, the adequacy of the price is one of the circumstances to be considered, and where there is so great a disparity between the actual value of the property disposed of, and the amount stipulated in the contract, as under the circumstances to shock the moral sense and lead irresistibly to the conclusion, that the intent was fraudulent, the court presumes that such was the intent. The presumption, however, is not necessarily

conclusive, but may be overcome by the other evidence in the case upon the question of fraud.

And in Knobb v. Lindsay, 5 O., 472, the court held that "it is a point well settled that mere inadequacy of price, although it may lead courts to abstain from executing agreements, is not a sufficient 'cause for rescinding unless it be so gross as to afford proof of actual fraud."

Whichever one of the contentions as to the value of the interest of Alfred Rogers is correct, it cannot be said that the difference between the real value of the property, and the amount paid, is of such great disparity that fraud is necessarily presumed from it; and *a fortiori* is this the case when as in the case at bar the evidence shows that the purchase was made by Mrs. Rogers bona fide, intending to pay full value for the interest of Alfred Rogers, and with no knowledge that he was indebted otherwise than by the debt to his father, the payment of which she was assuming, and by othter debts to his father which would have to be paid out of his interest before she was paid. Whatever the purpose of Alfred Rogers may have been, the weight of the evidence is strongly in favor of the bona fides of the purchase upon her part. And even if, as a matter of fact, she obtained a bargain by the purchase, such fact is not sufficient evidence of fraud to warrant a court in rescinding the contract. Douglas v. Huston 6 O. 156.

The defendants are entitled to a decree dismissing the bill.

C. W. Merrill, for plaintiff.

D. Thew Wright, Rogers Wright, for defendants.