## Elizabeth Winfield v. William D. Adams.

*Execution sales of personalty : Place: In view of the property.* Under the statute (*Comp. L. 1871,* § *6106*) forbidding the sale of personalty on execution unless the same be present and within the view of those attending such sale, a sale of an interest in a growing crop of corn; made at a place distant from the field half or three-quarters of a mile, and from which the property sold could not have been seen, cannot be supported.

*Growing crops : Sales on execution : Place.* The query is suggested, whether a sale on execution of a growing crop of corn in separate fields on different sections, made at a place distant thirty or forty rods from one of the fields and eighty or a hundred from the other and in view of both, can be supported under the principle of *Perkins v. Spaulding,* 2 *Mich.,* 157.

*Execution levy and sale: Officer's return: Parol evidence.* One claiming rights in property that has been sold on execution, by a title originating prior to the levy, is not precluded by the return of the officer from showing the real facts as to the validity of the levy and sale.

*Evidence: Dealings between employer and employe: Good faith.* Where an assignment to an employe, claimed to have been given in consideration of an indebtedness from the employer, partly for money loaned and partly for wages earned, is attacked as being fraudulent against creditors, evidence is admissible, as bearing upon the fairness of the transaction, to show that the money loaned was money belonging to the employe before entering into the service of the employer.

*Heard June 20. Decided October 4.*

Error to Calhoun Circuit.

*T. G. Pray,* for plaintiff in error.

*W. D. Adams,* in person, for defendant in error.

COOLEY, CH. J:

This is controversy over some corn to which each party claims title under one White; Adams by purchase at a sale on execution, and Winfield by an earlier purchase of the lease of the premises on which the corn had been raised.

I. Adams, who was plaintiff in the court below, to make out his title, called as a witness the constable who made the sale. It appeared from the constable's evidence that he levied on the corn August 22, 1873, as a growing crop;

that it was in three fields, and was sold by him October 17, 1873. The fields were on two different sections, and were some considerable distance apart. The sale was made on the platform of a railroad station-house, in sight of two of the fields, one of which the constable estimated to be thirty or forty rods off, and the other eighty or a hundred. The third field could not have been seen from where the officer was when he made the sale, and was from half to three-quarters of a mile distant. It was the interest of White in the crop, as it stood unharvested in these fields, that was sold.

The statute forbids personalty to be sold on execution, "unless the same be present and within the view of those attending such sale."—*Comp. L.*, § *6106*. Under this statute the sale of the third parcel could not be supported. Whether the sale of the others could be, we can properly express no opinion at this time. The testimony of the constable would perhaps enable it to be supported within the principle of *Perkins v. Spaulding, 2 Mich., 157;* though the distance of the officer from the property he was selling was very much greater in this case than in the one referred to. But the evidence which would affect this point is conflicting.

It was insisted for the defendant in error, that the sale could not be defeated by parol evidence showing that the officer's proceedings were not in compliance with the statute, as this would be in contradiction to his return. This point is covered by the decision in *Nall v. Granger, 8 Mich., 450,* in which it was decided that one who claimed by a title originating prior to the officer's levy was not precluded by his return from showing the real facts.

II. Winfield gave evidence tending to show that she took an assignment from White of his lease, to secure an indebtedness from him to her, a part of which was for money loaned to him many years before, and a part for wages she had earned in his service. Adams attacked the assignment as being fraudulent as against creditors, and Winfield offered to show that the money loaned to White was money which

was hers before she went into his service. This was objected to and ruled out. But we think it should have been received. As bearing on the question of fraud, it was a very important circumstance if the woman had money of her own at a time when there could be no suspicion of a purpose on the part of the debtor to make use of her as a cover for his property. A loan by a servant to the employer is likely to be more or less suspicious, and whatever would fairly tend to show whether it was real or simulated, ought to be received. It is true, as the circuit judge said, that when one loans money it is presumed that it is his own; but the presumption in a case like this would be greatly strengthened by such evidence as was proposed.

Some other errors are relied upon, but the record is not sufficiently certain in its statement of the facts to justify our passing upon them. The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.