THOMAS FEAREY ET AL. v. ROBERT CUMMINGS ET AL., GARNISHEES OF WILLIAM H. NELLIS.

*Garnishee's disclosure—Against what creditors a chattel mortgage is void—Right to question chattel mortgages and garnishee's title—Garnishee's disposition of debtor's assets.*

Where a garnishee makes disclosure denying plaintiff's claim, and then claims an issue under Comp. L., § 6475, the denial made in the disclosure is not conclusive on the plaintiff; but he is entitled to prove an indebtedness from the garnishee to the principal defendant, and even to show that it is collusive and intrinsically dishonest.

A chattel mortgage is invalid as against creditors if made with intent to hinder, delay or defraud them, or if not put on file when the goods remain in the mortgager's possession; this applies to those who become creditors during the interval while the mortgage is not on file, and not merely to those who have obtained judgment or levied attachment before filing.

A chattel mortgage cannot be questioned by a creditor at large except by some proceeding against the property, as by garnishee process.

Creditors are interested in the character of the disposition made of the debtor's assets by a garnishee, and if unreasonable, and the price realized is below the fair value, *it seems* that they are entitled to have the account between the debtor and the garnishee stated as though the assets had brought their fair value, and to hold the garnishee answerable over accordingly if found indebted to the defendant thereon.

The questions of fraudulent intent in a chattel mortgage, and as to whether it was filed before the persons complaining of it became creditors of the mortgager are for the jury; so also are the questions whether a garnishee has possession of assets belonging to the principal defendant, and whether he holds by a title fraudulent as against the plaintiff in the character of a creditor.

The right given by Comp. L., § 6498 to assail titles and conveyances set up by garnishees as fraudulent as against creditors, is confined to titles and conveyances of such property as the garnishees have in possession at the time of making the affidavit on which they are attacked.

Error to Bay. Submitted June 19. Decided July 3.

GARNISHMENT. Plaintiffs bring error.

*McDonell & Mann* and *Hatch & Cooley* for plaintiffs in error. A garnishee's disclosure is not the whole basis of recovery, *Marston v. Carr,* 16 Ala., 325; *McAllister v. Brooks,* 22 Me., 80; *Maynards v. Cornwell,* 3 Mich., 313; *Newell v. Blair,* 7 Mich., 106; *Thomas v. Sprague,* 12 Mich., 120; *Lorman v. Ins. Co.,* 33 Mich., 65; *Wellover v. Soule,* 30 Mich., 481; *Watson v. Kane,* 31 Mich., 61; it is the answer of a party and does not stand on the footing of testimony, *Allen v. Hazen,* 26 Mich., 144; a chattel mortgage is void as against creditors of the mortgager unless it is filed or unless there is an actual and continued change of possession, *Montgomery v. Wight,* 8 Mich., 148; *Robinson v. Rice,* 3 Mich., 235; *Kohl v. Lynn,* 34 Mich., 360; *People v. Bristol,* 35 Mich., 32; *Shipman v. Seymour,* 40 Mich., 274.

*Camp & Brooks* for garnishees, defendants in error. If fraud is not charged in the declaration, it cannot be shown in proceedings against garnishees, *Ship Milwaukie v. Hale,* 1 Doug. (Mich.), 309; only such creditors can attack a chattel mortgage as have acquired a lien upon the property before the mortgage was filed or the mortgagee has taken possession, *Rinchey v. Stryker,* 28 N. Y., 50; *Allen v. Cowan,* 23 N. Y., 506; *Van Heusen v. Radcliff,* 17 N. Y., 584; *Andrews v. Durant,* 18 N. Y., 496;

*Noble v. Holmes,* 5 Hill, 194; *Van Etten v. Hurst,* 6 Hill, 311; 1 Wait's Law & Prac., 148.

GRAVES, J. The plaintiffs having brought suit against Nellis to recover a little less than one thousand dollars upon contract, proceeded on that footing to sue the defendants Cummings as garnishees under the act of March 16, 1861 (Comp. L., p. 1818), as amended in 1877. Public Acts of 1877 [No. 81], p. 63.

The oath for process was made June 6, 1878, and claimed that the parties in question as garnishees had property, money, goods, chattels, credits and effects in their hands' and under their control belonging to Nellis, and further that they were indebted to him.

A summons for them was thereupon issued, and after service on Joseph W. Cummings they all submitted to the proceeding and made disclosure and denied the claim set up in the affidavit.

The plaintiffs excepted and filed special interrogatories, and on the 25th of July, 1878, the garnishees made answer thereto. Comp. L., §§ 6467, 6468.

August 16th the garnishees claimed an issue as in case of plea of the general issue (§ 6475), and by operation of law the proceeding was thereby in effect converted into trover for the property referred to in the affidavit, and into assumpsit for money had and received in respect to the indebtedness imputed to the garnishees, with a plea of the general issue thereto on the part of the garnishees.

A "statutory issue" was thus established "for the trial of the question of the garnishees' liability to the plaintiffs." § 6475.

In September, 1878, the plaintiffs obtained judgment against Nellis for nine hundred and sixty dollars and forty-eight cents, and in December following this action against the garnishees was brought to trial before a jury and it resulted in a verdict against the plaintiffs.

The case was very elaborately explained by the learned

judge before whom the trial took place; but the plaintiffs complain of many of the rulings. A brief reference to some of the facts is needful at the outset.

It appeared that Nellis, the principal defendant, had been extensively carrying on the boot and shoe trade at Bay City; that the plaintiffs, who were manufacturers of boots and shoes at Albany, in the State of New York, had recently trusted him for a quantity of stock, and for which they were trying to get pay by these proceedings; that the garnishees were a firm of wholesale dealers in boots and shoes at Toledo, in the State of Ohio, and had for some time dealt repeatedly, and on the whole largely, with Nellis; that they claim to have become his creditors to an amount exceeding the value of all his assets, and to have taken, by virtue of a mortgage long kept from file, the mass of his effects, and to have obtained the title either by foreclosure of such mortgage or by an out-and-out purchase. There were some further claims and evidence bearing on additional and supplementary transactions not necessary to be described.

The judgment against Nellis, the first disclosure, together with the interrogatories and answers thereto, and the chattel mortgage which had become connected with the answers of the garnishees, were respectively submitted in evidence.

First. It became a question whether in trying this issue the denial made by the garnishees in their disclosure, of all indebtedness to Nellis, and their denial of possession and control of any property, money, goods, chattels, credits and effects belonging to him, was conclusive on the plaintiffs, except in so far as there might be occasion to inquire concerning fraud, and the plaintiffs insisting that it was not, and that they were entitled to controvert such denial, and the garnishees contending for the contrary, the circuit judge sustained the position of the garnishees.

The court is unable to concur in this view. ' The issue

instituted at the instance of the garnishees after their disclosure is one expressly ordained "for the trial of the garnishees' liability to the plaintiffs" (§ 6475), and it covers exactly the same ground to which the denial applies, and it occurs to ask for what purpose authorize a trial to be invoked, if the matter has been already settled in favor of the garnishees by their denial?

The regulation is general. It is not confined in terms or in sense to cases where fraud is imputed, and if the denial is final there is nothing left to be tried, and in such event the making provision for a trial is a remarkable absurdity.

But the words plainly suppose that there is still a "question" not finally determined and waiting to be decided (§ 6475), and a further provision expressly conveys authority to hear evidence for the plaintiffs on such "question," and for the very purpose of "controverting" the disclosure; and so strong is the bearing of the regulations in favor of allowing the "question" to be freely canvassed that express terms are found requisite to preclude the garnishees from controverting their disclosure except as the court in its discretion shall think proper to permit them to show "errors and mistakes." § 6478. By this the Legislature marked their opinion that under the general scheme not only the plaintiffs would be entitled to dispute the garnishees, but that the latter might themselves controvert at pleasure their own discoveries and admissions unless distinctly precluded.

The learned judge appears to have been of opinion that the matter had been already adjudicated. But the precise question now raised on this statute has not been presented before.

We are hence of opinion that the plaintiffs were entitled to make out an indebtedness from the garnishees to Nellis, notwithstanding their denial; and further that the indebtedness they were so entitled to make out was not confined to one intrinsically honest as against creditors and enforceable by Nellis. If in point of fact the

garnishees were Nellis' debtors under some understanding either express or tacit, secret or otherwise, that they should be his trustees, depositaries, bankers or holders of the amount in order to keep his creditors from reaching it or from getting any benefit out of it, the plaintiffs were entitled to hold the garnishees liable for the amount even though Nellis could not enforce payment of it.

Complaint is made by the plaintiffs that the stock was not reasonably and fairly disposed of, and not according to the requirements of the power in the mortgage. They insist that the amount claimed to have been obtained and credited to Nellis is far below the true value and below the sum which would have been realized by a fair sale or one conducted in conformity with the power in the mortgage.

This part of the case is very blind. The garnishees do not seem to contend that the mortgage power was pursued. They appear however to urge that the course taken had the assent of Nellis and was good as an out and out sale, and that the price was a fair one. The transaction was equivocal. Much that was done might be considered as steps designed to bring about foreclosure under the power in the mortgage. The nature of the action itself and the peculiar state of facts in the record, cause it to be extremely difficult to deal safely with the questions agitated in this part of the case. As creditors of Nellis, the plaintiffs were justly interested in the character of the disposition made of his assets by the garnishees, and in the final state of the accounts between Nellis and the garnishees as the result of such disposition, and if the disposal made was not reasonable and fair and the price was substantially below the fair value, it would seem no less than just that the plaintiffs should have the right to require the account between the garnishees and Nellis to be stated as though the assets had brought the fair value and to hold the garnishees

answerable over on that basis if found indebted to Nellis upon it.

Second. The act provides that in case the garnishee is in possession of property covered by the affidavit and holds the same by title or conveyance which is void as against the creditors of the principal defendant, he may be adjudged liable as garnishee on account of such property, although such defendant could not have maintained an action therefor against the garnishee. § 6498.

Under this provision, wherever the issue brings in question the right to property in the possession of the garnishees, the plaintiffs may assail the right or title of the garnishees as fraudulent against creditors, and the inquiry must be of the same nature as in other cases at law where that question is regularly raised on behalf of creditors against third persons alleged to hold in fraud of creditors.

Now it appeared before the jury in this case that the chattel mortgage was made October 8, 1877, for $16,000, and was kept from file until May 28, 1878; that on that day the garnishees proceeded to take possession for the first time, and that an inventory was then made which showed the amount to be $17,748.92, and there was evidence of the occurrence of transactions between Nellis, the garnishees, one Aiken their former agent, and Mrs. Nellis, wife of defendant Nellis, to make Aiken and Mrs. Nellis owners of the effects, they joining as partners to carry on the business previously pursued by Nellis. There was also evidence that the garnishees claimed that Nellis was indebted to them in a large amount beyond that expressed in the chattel mortgage, and that the aggregate of the indebtedness was $21,000, and further that they obtained from Nellis a large sum in valuable demands, in addition to the entire stock in trade, including a bill received from the plaintiffs on the 28th of May, when possession was taken.

In view of this and other evidence, it was claimed by

the plaintiffs that the mortgage and proceedings under it, and the other transactions for separating the effects from Nellis, were fraudulent as against them in their character of creditors of Nellis, and that at the time the garnishee affidavit was made, and the garnishees were subjected to the proceedings, the effects were in their possession and control, and hence that they were "liable for the amount," and on the basis of this claim several specific charges were requested relative to the validity of the mortgage title.

The controversy at this point involved two closely connected questions: *First*, whether the effects were in the garnishees' possession; and *second*, whether, being so, they were held by a title or conveyance which was fraudulent as against the plaintiffs in their character of creditors; and both questions were for the jury. If the mortgage was made with intent to hinder, delay, or defraud creditors (Comp. L., § 4713), or, inasmuch as the possession was not altered, if it was not put on file prior to plaintiffs becoming creditors, it was invalid as against them; the law being that those who become creditors whilst the mortgage is not filed are protected, and not merely those who obtain judgments or levy attachments before the filing. Still no one as creditor at large can question the mortgage. He can only do that by means of some process or proceeding against the property. § 4706. *Thompson v. Van Vechten*, 27 N. Y., 568. And garnishee process is such proceeding. Apart from the effect of failure to put the mortgage on file, the statute declares that there shall be a presumption of fact from the want of change of possession, that the mortgage is fraudulent as against the creditors of the mortgagor, and that such presumption shall be conclusive, unless it is made to appear by the mortgagees that it was made in good faith, and without intent to defraud such creditors. § 4703.

As the garnishees claimed as mortgagees of Nellis, and the plaintiffs as his creditors, these provisions were

applicable. The question of fraudulent intent and good faith (§ 4716), and whether the mortgage was filed before the plaintiffs became creditors of Nellis, were questions of fact for the jury.

The right given by § 6498 to assail titles and conveyances set up by garnishees, on the ground of being fraudulent as against creditors, is there confined to titles and conveyances of such property as the garnishees have in possession at the time of making affidavit, and at the time of their becoming bound by the proceedings; the intention being to allow the arrest of such property in their hands, and the subjection of it to the claim of the garnishee plaintiffs, and not to authorize the following of it elsewhere, or to allow a contest about the garnishees' title, where they have disposed of the property and possession before being bound by the proceedings. The remedy here is very special and confined, and the courts have no discretion to enlarge it. It is not contrived to reach cases where property has been put into the hands of persons to screen it from creditors, and where such persons are not garnished until they have put it away, even though that has been done in furtherance of the original design.

The proceeding is not adapted to cases where such complications exist. A more particular discussion of the litigation is hardly necessary, and perhaps would not be prudent on this record.

The views expressed dispose of several questions, and require that another trial be had, and on principles differing much from those which governed in the last trial. If hereafter the case shall call for further discussion, the points will be likely to come up under very different conditions.

The judgment must be set aside, with costs, and a new trial granted.

The other Justices concurred.