ROBERT CUMMINGS ET AL. v. THOMAS FEAREY ET AL., GAR-
NISHEES.

*Garnishee's exemption—Fraud against creditors of principal defendant.*

The garnishee's exemption of any demand to which he may be entitled as
against the principal defendant (Comp. Laws. § 6504) does not apply
where the property in his hands was wrongfully obtained, as under a
chattel mortgage, which, by reason of being kept from record, was
fraudulent as against other creditors.

The entire antecedents of the dealings between a principal defendant and
a garnishee and their agents, and all transactions regarding the prop-
erty and its disposal, are admissible in evidence where fraudulent
dealings of the garnishee as against the principal defendant's creditors
are in question.

Parties dealing so as to defraud creditors of a principal defendant, and
having no preference by legal proceedings, cannot go behind judg-
ments recovered against the principal defendant to inquire into the
dates at which debts matured.

Where a mortgagee of chattels has replevied the mortgaged goods, he
cannot repudiate the ownership thus asserted, in proceedings against
him as garnishee.

Error to Bay. Submitted April 14 and 15. Decided
June 16.

GARNISHMENT. The garnishees bring error. Reversed.

*Camp & Brooks* and *S. T. Holmes* for plaintiffs in error.

*McDonell & Mann* and *Hatch & Cooley* for defendants
in error.

CAMPBELL, J. This controversy has already been before
us, as reported in 41 Mich. 376, in which the present defend-
ants were plaintiffs. There is very little in the present record
which was not in the former one, and most of the questions
now presented are of minor importance. One legal question,
however, stands at the threshold of the case, on which some
doubts have arisen.

By § 6504 of the Compiled Laws of 1871 it is declared

that "every garnishee shall be allowed to deduct from the property in his hands all his demand against the principal defendant, of which he could have availed himself if he had not been garnished, whether by set-off at the trial or upon execution, and shall be liable for the balance only after adjustment of mutual demands." This, it is insisted, exempts the garnishees in the present case from responsibility, because it is conceded they got no more property than would have paid their debt.

It has been found in the present case, as a necessary result of the verdict, that plaintiffs in error got possession of the fund in controversy under a chattel mortgage which, though good as between the parties, was a fraud upon the defendants in error. Upon its illegal character there is no room for dispute. It and its predecessors had been kept from record intentionally, and the mortgagor had been enabled to keep up his credit and obtain goods from other creditors, who were deceived as to his standing, under a continued course of concealment.

By § 6498, as mentioned in our former decision, it is provided that a garnishee may be held for property conveyed to him in fraud of creditors, even though the conveyance is valid against the principal debtor himself.

We think this provision must be construed with the other, and that § 6504, which allows a garnishee to retain property enough to satisfy his demand, only refers to property which he has received rightfully, and which his debtor would own and could recover from him if there had been no garnishment. As against the garnishing creditor, the garnishee holding under fraud is a wrong-doer, and his possession is not a rightful possession. By any other construction, a mortgagee holding by fraud is in as good a condition as an honest mortgagee. The law does not vitiate his mortgage merely when there is no consideration. The defect is that, although there may be a full consideration, yet it has been used to injure and deceive other creditors. We do not think the entire garnishee statute, especially when coupled with the statute

against frauds, will allow the construction claimed by plaintiffs in error for § 6504.

Upon the several questions of evidence on which errors are alleged, we think the court was justified in admitting testimony concerning the antecedents of the dealings between Nellis and plaintiffs in error, and their agents, as well as concerning the transactions from first to last regarding the property and its disposal. We have found nothing that can be deemed impertinent.

We also think that parties dealing in such a manner as to defraud creditors, and having no preference by legal proceedings, cannot go behind the judgments recovered against Nellis to inquire into the dates on which debts matured. If they had been creditors having liens under legal process, on which they sought priority, a question would be presented which is not presented here. We think that on the testimony as submitted to the jury the instructions concerning the nature and validity of their holding and disposal of the property were presented fairly and justly, and that there are no errors in any of those instructions. If there was any testimony authorizing a claim that they did not act in pursuance of their mortgage interests, it was left to the jury. We do not feel sure that there was much room for such an assertion.

It is not material, in our opinion, whether defendants in error could have replevied the last shipments of goods. They have not done so, and if they choose to look to these garnishees for these as goods of Nellis, they may lose other rights by doing so, but the garnishees cannot repudiate the ownership which they have asserted by seizing them.

The judgment must be affirmed with costs.

MARSTON, C. J. and COOLEY, J. concurred.

GRAVES, J., dissenting. This case was before us a year ago on a judgment against the Feareys, and we remanded it for a new trial. 41 Mich. 376. It is now brought up again after judgment on such trial in their favor. As I am not able to concur with my brethren, I proceed to explain the impressions I entertain.

The action is of very unusual occurrence. It is a controversy under the garnishee law between mutual creditors of the same debtor, and not a proceeding on the part of a creditor against one who, as a debtor of the principal debtor or holder or controller of such debtor's property, is in legal contemplation indifferent whether he pays and delivers to the latter or to the garnishee plaintiff. The nature of the contention, as well as its scope, are different in the two cases, and the distinction and its proper implications ought not to be overlooked.

The remedy by garnishment is statutory and special, and not well fitted for any complicated disputes of this nature. In applying it the court is bound to adhere to all the provisions intended to restrict it or to protect the garnishee. Such extraordinary methods accommodate themselves much better and with greater safety to jurisdictions where the procedure follows or resembles that of equity, than to those where the course is according to the common law.

On the former occasion we acknowledged the difficulty felt in attempting to decide questions under this law unless very distinctly presented.

Some matters are now brought under discussion which were not considered on the former hearing. Such of them as seem to require notice upon my construction I shall refer to with as much brevity as the case will justify. It is first proper to notice three several provisions in the act giving the remedy and which belong to the remedy. Two of these show in a way very marked the design of the Legislature to avoid any such interference with the garnishee as might overrule or impair any just interest or advantage he might have acquired. Drake on Attachment, § 462.

Section 6498 of the Compiled Laws provides that "if any person garnished shall have in his possession any of the property aforesaid of the principal defendant, which he holds by a conveyance or title that is void as to the creditors of the defendant, he may be adjudged liable as garnishee on *amount* (*quære*, account?) of such property, although the principal

defendant could not have maintained an action therefor against him."

Section 6472 refers to cases where personal property of the principal defendant, in possession of the garnishee, is under some lien, pledge or mortgage, and makes provision for protecting the rights of the garnishee under such incumbrance. Section 6504 is as follows : " Every garnishee shall be allowed to deduct from the property in his hands all his demand against the principal defendant, of which he could have availed himself if he had not been garnished, whether by set-off at the trial or upon execution, and shall be liable for the balance only after adjustment of mutual demands : *Provided*, that in the adjustment, no claims for unliquidated damages for wrongs or injuries shall be considered."

The effect of these provisions is :

*First.* To enable a creditor proceeding as garnishee plaintiff against property in possession of the garnishee defendant, to defeat the title or conveyance the latter holds thereto, which is void as against the principal defendant's creditors, but without infringing other claims.

*Second.* To guard whatever right the garnishee defendant may have as the holder of any valid lien, pledge or mortgage ; and

*Third.* To secure to him, in the cases covered by § 6504, the right to have his demand first compensated out of the property, and to limit his liability over to such amount as remains after the deduction of his demand from the true value of the property. Recurring to the litigation, several matters of importance appear to be settled by admissions, actual or tacit, and a few short propositions will explain the case and relieve it of some incidents which appear confusing : (1) Each set of contestants are creditors of Nellis, the principal debtor ; (2) the garnishee defendants, Cummings, were in possession of Nellis' assets at the time of service of garnishee process on them ; (3) the chattel mortgage from Nellis to them was void as against the garnishee plaintiffs, the Feareys. *Cooper v. Brock* 41 Mich. 488 ; *Fearey v. Cummings*, supra.

*Fourth.* The garnishee defendants were entitled to deduct

under § 6504 the true amount of their demand against Nellis from the fair value of the assets, and could not be held for anything beyond the remainder ; but would be liable for that, or so much of that as would be equal to the recovery against the principal defendant. Such, I think, must be the effect of the statute. Had Nellis sued Cummings for goods sold and delivered, and for money had and received, their demands against him would have been the subject of set-off, and the Feareys can be in no better situation. *Gage v. Chesebro*, 49 Wis., 486. The question whether Nellis did or did not yield on account of pressure, when the garnishee defendants got possession, is herein unimportant. There is no ground for claiming that the transaction was merely a sale by Nellis to the garnishee defendants in payment of his debts. And in any event the material inquiry is, what was the true amount of his indebtedness to the garnishee defendants, and what was the fair value of the assets they obtained?

*Fifth.* The contention by the garnishee plaintiffs that the package of goods which arrived from Fearey's on the 28th of May was obtained by Nellis fraudulently, and with a preconceived design not to pay for it, was not pertinent to the case. The proceeding by the garnishee plaintiffs was not on account of property of which the title was still in themselves, but on account of property of which the ownership was or had been in the principal defendant Nellis.

*Sixth.* The judgment in Fearey's favor against Nellis in the action with which the garnishee proceeding was connected, has been allowed to remain as rendered. Nellis has not questioned it, and the garnishee defendants cannot be legally prejudiced by any inaccuracy, if there be one, in the amount for which it was entered up. They can be held liable only for whatever of assets they may have received over and above their demand, and in regard to that they are no more than stakeholders or trustees for Nellis, and in the same plight as any other garnishee defendant, who holds indifferently, and subject to the determination of the law as to whom he is to account. They are not in a situation to claim the right, if in any case it could be claimed, to assail the judg-

ment as having been given for debts not due. The point is not germane to their relation to the controversy, in the view I take of it. So far as their legal responsibility and legal rights are concerned, it is entirely immaterial. See *Hanna's Syndics v. Lauring* 10 Martin 568: 13 Am. Dec. 339 and note.

I think the judgment should be reversed.