HENRY D. WALLEN, JR. v. LEONARD ROSSMAN, SHERIFF.

*Replevin for mortgaged chattels taken on attachment—Return.*

A chattel mortgage, where possession is not given, is void as against the mortgager's creditors, if not put on file in the proper office, even though recorded elsewhere by mistake.

An offer to buy up a claim does not estop one from disputing its validity. So *held* where creditors negotiated for a chattel mortgage which was void as to them.

Where a chattel mortgage is void as against a creditor levying attachment, it is not material that the mortgagee had taken possession before one of the attachments was levied.

A mortgagee of chattels brought replevin against an attaching creditor, and sought to show that the demand in one of the attachment cases, which had passed into judgment, had been paid before judgment. *Held*, that if there was no showing of collusion between the attachment creditor and the debtor, this would be an attempt to re-try the question involved in the attachment suit.

Where the indorsement on a writ of attachment shows that it was not
   levied subject to a mortgage lien, it cannot be contradicted in an
   action of replevin brought by the mortgagee against the attaching
   creditor.

The question whether an officer has levied upon a complete title or only
   an encumbered interest is one of intent as to which the officer
   need make no statement beyond the indorsement on his writ, which
   is the evidence of his final action, whatever his intent may have
   been.

An officer who levies subject to a mortgage can afterwards change the
   levy.

Error to Montcalm.  Submitted Jan. 5.  Decided Jan. 19.

REPLEVIN.  Plaintiff brings error.  Affirmed.

*Miller & Voorhees*, for plaintiff in error.  Omission to
file a chattel mortgage is cured by subsequent delivery of
possession, so far as regards those who have not acquired para-
mount rights before such delivery (*Morrow v. Reed*, 30 Wis.,
81) if they might have ascertained the fact by inquiry:
*Stephenson v. Clark*, 20 Vt., 624.

*Smith & Sessions* for defendant in error.

COOLEY, J.  The plaintiff is mortgagee of chattels, and by
reason, as he says, of erroneous information, put his mort-
gage on record in the wrong office.  For the failure to place
it in the proper office, the mortgage was void as against
creditors:  Comp. L., § 4706; *Fearey v. Cummings*, 41 Mich.
376; *Cooper v. Brock*, 41 Mich. 488.  The defendant is
sheriff of the county of Montcalm, and as such levied certain
attachments upon the mortgaged property on behalf of the
creditors of the mortgagor.  The mortgagee brought replevin,
and in the court below judgment passed against him.

We have looked through the record in vain for any cir-
cumstance which can distinguish this case from those above
cited.  There was evidence that the mortgagee had taken
possession of the property before one of the attachments was
levied; but this was not a material fact:  *Fearey v. Cum-
mings*, supra.  Proof was also offered that the creditors had

negotiated for the mortgage, and thus recognized its validity. But an offer to buy up a claim does not estop one from disputing its validity. Parties in danger of falling into litigation often do this, with great propriety and prudence. The plaintiff also offered to show that the demand in one of the attachment cases, which had passed into judgment, was paid before judgment. There was no offer to show fraud or collusion between the attachment creditor and the debtor; and without this what was proposed would be merely an attempt to re-try the question involved in the attachment suit. He also sought to show that one of the attachments was levied subject to the mortgage; but the officer's endorsement of the levy showed the contrary, and it could not be contradicted in this way. The cases of *Nall v. Granger*, 8 Mich. 450, and *Winfield v. Adams*, 34 Mich. 437, which are referred to, are different. What was in issue in those cases was the act of the officer publicly performed; but when an officer levies on property, the question whether he levies as upon a complete title or only on some imperfect or encumbered interest, is a matter resting in intent, and respecting which he is under no necessity of making any public statement whatever, or any statement beyond what he enters on his writ. Moreover, if he should first make the levy subject to the mortgage, he would have a right to change it afterwards, and the endorsement on his writ is the evidence of his final action.

The judgment is correct, and must be affirmed, with costs.

The other Justices concurred.