ALFRED A. CRIPPEN v. JACOB JACOBSON AND NIRAM A. FLETCHER, GARNISHEE.

*Garnishment—Assigned claims—Unrecorded chattel mortgage.*

1. Only such exceptions can be considered on review as depend on faults in the record.

2. *It seems* that the issue in garnishment can be tried on the same day with the principal suit if the garnishee is willing; and if such trial is had without objection at the time it cannot afterwards be said to have been premature.

3. A garnishee cannot be forced to trial within two days from the trial of the principal suit (How. Stat. § 8070); and if the principal defend-

ant appeals, a judgment in garnishment, if rendered, can be stayed until the judgment appealed from is disposed of.

4. Garnishment process in circuit court may be based on several non-negotiable contract claims held by assignment, and aggregating enough to bring the principal action within the jurisdiction of the court.

5. A chattel mortgage not seasonably filed is absolutely void as against creditors whose rights have intervened between its making and filing.

6. Garnishment process will reach assets that are covered by an unrecorded mortgage made before the debt was incurred for which the mortgagee is garnished. And no previous proceedings need be taken to exhaust other remedies.

Error to Kent. (Montgomery, J.) April 8.—April 15.

Garnishment. The garnishee brings error. Affirmed.

*George P. Wanty* for appellant. A sale by a debtor is not fraudulent unless the debtor had no other property out of which the debt could be satisfied : Wait Fraud. Conv. 211, 398 ; *Fox v. Willis* 1 Mich. 333 ; *Dunham v. Cox* 10 N. J. Eq. 467 ; *Rose v. Colter* 76 Ind. 593.

*G. A. Wolf* and *T. J. O'Brien* for appellees.

CAMPBELL, J. Plaintiff sued Jacobson in assumpsit, and established a claim against him on four demands, one of $75, belonging to himself as original owner, and three derived by assignment, one of $50 from Charles W. Greulick, and two of $50 each from Louis Hammerschlag. All of these were for money lent on the 12th, 13th and 14th of May, 1884. The demands of Greulick and Hammerschlag were absolutely assigned to plaintiff, but he holds them for their ultimate benefit.

Suit being brought against Jacobson, defendant Fletcher was garnished and is found to have had possession of Jacobson's stock in trade under a chattel mortgage dated May 9, 1884, for $5000, given to secure three previously existing notes not yet matured. This mortgage was purposely kept from record until May 15, 1884, when Fletcher filed it and took possession of the property which was sold before the

disclosure, and on the day after service of writ of garnish-
ment.

The court below found that Fletcher's mortgage was void
as against debts created during the interval between its
making and filing, and held Fletcher liable to that extent for
the goods and their proceeds.

Fletcher brings error, and the record contains several
assignments.   No exceptions were taken, and none but those
depending on faults in the record can be regarded.

The only two which are claimed to have such a basis are
the alleged insufficiency of the finding to support the judg-
ment, and the premature trial of the garnishee suit.

The trial was had October 11, 1884, upon the same day on
which judgment was rendered against Jacobson.

The statute provides that if the principal defendant shall
not, within two days after judgment serve upon the garnishee
notice of motion for a new trial, or of his intention to remove
the case to the Supreme Court, the issue against the garnishee
shall stand for trial at the same term.   It is now claimed that
a previous trial would be void.

It is questionable whether this notice was not meant to be
given to the plaintiff; but the statute as printed, provides as
stated.   It is of no consequence who is to receive it.   The
only question now is whether it affects the jurisdiction to
proceed earlier where no one objects.

It is clear enough that the garnishee defendant could not
be compelled to go to trial within the two days; and further
that, if appellate proceedings should be had by the principal
debtor, the garnishee judgment, if rendered, could be stayed
by the circuit court until the other was disposed of.   But
there seems to be no reason why the garnishee defendant
may not consent to have the issue as to him tried at any time,
and in the present case it is found expressly that both parties
came into court ready for trial, and no objection was made
below at all.   It cannot now be insisted the trial was im-
properly brought on.

The garnishee also claims that the plaintiff could not unite
the various claims, and so bring them within the jurisdiction

of the circuit court. One of the assignors—Hammerschlag—had a cause of action beyond the sum necessary to give jurisdiction. But the statute in regard to the rights of assignees of legal causes of action is express that any non-negotiable cause of action may be assigned so as to convey all the rights of the assignor. How. Stat. § 7344. It is held that this covers every cause of action which would survive. *Cook v. Bell* 18 Mich. 387; *Final v. Backus* 18 Mich. 218. That plaintiff by the assignment succeeded to all of the rights of his assignors is a necessary consequence from the broad terms of the statute. It is not claimed he could not sue; but only that he could not bring garnishment.

The garnishee law provides for the issue of garnishee process in all cases where an action is brought on contract. And it also authorizes the proceeding to reach all property and assets held by the garnishee by title or transfer which is void as to creditors of the principal defendant. How. Stat. § 8059. If the mortgage in this case is void as against such creditors it is within the words of the law.

We have heretofore held that a chattel mortgage not seasonably filed is void and not merely presumptively void against creditors whose rights intervene between the making and filing. *Haynes v. Leppig* 40 Mich. 607; *Hurd v. Brown* 37 Mich. 484; *Fearey v. Cummings* 41 Mich. 383; *Cummings v. Fearey* 44 Mich. 39; *Waite v. Mathews* 50 Mich. 392. *Wallen v. Rossman* 45 Mich. 333. The law does not require previous proceedings to exhaust other remedies. The garnishee law is unconditional upon this subject, and garnishee proceedings will reach the assets if they exist. When the debt is not incurred on the credit of an apparently clear title which is in fact covered by a secret mortgage, the cases cited hold that there is no right to complain of a subsequent mortgage without taking some step which puts the creditor on a different legal footing than that of a quiescent party. But when a chattel mortgage exists and is concealed, it is under the statute void for the reason that it produces a false appearance of entire solvency when in fact a person known to have mortgaged his stock would not be as likely

to get credit as one who had given no such security; and those who deal with such a debtor are liable to be defrauded by appearances. One who gives credit under such circumstances is necessarily exposed to that mischief, and the law has removed all questions of suspicion or notice by making chattel mortgages void, at all events, against creditors who deal with a debtor so situated. Such creditors are directly within the policy of the statute.

The court committed no error in holding the garnishee liable, and the judgment should be affirmed.

COOLEY, C. J. and CHAMPLIN, J. concurred. SHERWOOD, J. concurred in the result.