Noyes *et al.* v. Brace *et al.*

By the provisions of Sec. 4379, Comp. Laws, a chattel mortgage executed and delivered, but not properly deposited in the office of the register of deeds of the county, is void, as against the creditors of the mortgagor, who became such while such chattel mortgage was withheld from the record. Kimball Co. v. Kirby, 55 N. W. 1110, 4 S. D. 152, and Jewett v. Sundback (S. D.) 58 N. W. 21, followed.

(Syllabus by the Court. Opinion filed Jan. 27, 1896.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action to subject personal property to payment of debt. Judgment for defendants, and plaintiffs' appeal.    Reversed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

A chattel mortgage is void as against creditors whose debts are incurred after its execution and before it is filed.    Jewett Bros. & Jewett v. Sundback, 58 N. W. 21; Paper v. Gunther, 67 Wis. 101; Thompson v. Van Vechten, 27 N. Y, 568; Feary v. Cummings, 41 Mich. 383; Crippen v. Fletcher, 56 Mich. 386. A chattel mortgage that contains a clause allowing mortgagor to dispose of the property as he sees fit and use the proceeds, is void.    Greely v. Winsor, 45 N. W. 325; Bank v. Comfort, 28 N. W. 855; Russell v. Winne, 37 N. Y. 591; Horton v. Williams; 21 Minn. 187; Wilson v. Vaight, 13 Pac. 726; Potts v. Hart, 99 N. Y. 168; Gardner v. McEwens, 19 *Id.* 123; Southard v. Benner, 72 *Id.* 429; Anderson v. Patterson, 25 N. W. 541; Crooks v. Stuart, 7 Fed. 800.

Where a trustee has accepted a trust he is estopped from claiming any interest adverse to the beneficiary.    Comp. Laws § 3923; Andrews v. Pratt, 44 Cal. 309; San Diego v. Railroad, *Id.* 106; Chamberlain v. Wool, 54 Cal. 103; Davis v. Rook, 55 *Id.* 359.

*John E. Carland,* for respondents.

A creditor, in order to place himself in position to attack a mortgage for failure to record, must secure some legal lien on the property covered by the mortgage.    Coffey Chattel Mort. 614; Jones v. Graham, 77 N. Y. 628; Kennedy v. Bank, 23 Hun. 494; Ranson v. Schinda, 13 Neb. 73; Cameron v. Marvin, 26 Kan. 627; Richardson v. Sybold, 76 Ind. 627.    A provision in a chattel mortgage allowing mortgagor to sell the goods, pay expenses and turn proceeds over to mortgagee does not render it void.    Lane v. Starr, 1 S. D. 107; Ford v. Williams, 24 N. Y. 359; Miller v. Lockwood, 32 *Id.* 293; Brackett v. Harvey, 91 *Id.* 215; Conkling v. Shelly, 28 *Id.* 360; Kleine v. Katzenberger, 20 O. St. 110; Murray v. McNealy, 86 Ala. 234; Fish v. Horshaw,

45 Wis. 665; Goodhart v. Johnson, 88 Ill. 58; Mezner v. Graham, 57 Mo. 404.

CORSON, P. J.   This is an action, in the nature of a creditor's bill, instituted by the plaintiffs against the defendants to subject the personal property of one Lowry, in their possession to the payment of the debts of said Lowry.   Judgment for defendants, and plaintiffs appeal.   The case was tried by the court and its findings which are deemed material to a determination of this case are as follows:   "(2) That on the 10th day of April A. D. 1891, the defendant George W. Lowry was indebted to the defendant the Dakota National Bank * * * in the sum of $2,200, and being so indebted, made, executed and delivered to the defendants George H. Brace, C. C. Carpenter, and the Dakota National Bank a chattel mortgage, a copy of which is hereto attached, marked 'Exhibit A,' and made a part of these findings * * *   (2) That the amount due from the defendant Lowry to the Dakota National Bank, and secured by the chattel mortgage, which is made a part hereof, is the sum of $2,040.42.   (6) That on the 23d day of September, 1893, at the hour of 4 o'clock p. m., said chattel mortgage was duly filed in the office of the register of deeds in and for the county of Minnehaha, state of South Dakota.   (7) That, subsequent to the filing of said chattel mortgage, and on the 23d day of September 1893, the defendant George H. Brace, as the president and agent of said Dakota National Bank, by virture of said chattel mortgage, and under its provisions, took possession of all the property described in said chattel mortgage, and continued in the complete and absolute possession thereof until the same was delivered to the receiver appointed in this action.   (9) That the plaintiffs obtained a judgment against the defendant George W. Lowry on the 28th day of September, 1893, in the sum of $906.05, which indebtedness was incurred on or about the month of June, 1893.   (10) That the plaintiffs never at any time had any interest in or lien upon the property

described in the chattel mortgage annexed hereto, and taken possession of by the defendant Brace as agent of the defendant bank." The court concluded, as matters of law, as follows: "That the defendants C. C. Carpenter and George H. Brace are entitled to a dismissal of this action against them, and that the Dakota National Bank is entitled to a dismissal of this action, as against it, and a return of the property described in the chattel mortgage hereto annexed, and of which the defendant bank had possession under said mortgage at the time the receiver in this action took the same from the defendant Brace as the agent of the bank."

It will be observed that the court finds that the mortgage was executed in April, 1891, 2½ years before it was filed for record, in September, 1893, nearly three months after the credit was given by the plaintiffs to the grantor, Lowry. It will thus be seen that the case comes clearly within the provisions of section 4379, Comp. Laws, which reads as follows: "A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." In Kimball Co. v. Kirby, 4 S. D. 152, 55 N. W. 1110, and Jewett v. Sundback, 58 N. W. 21, this court held that such a chattel mortgage, not properly filed for record, was void under this section, as against creditors who gave the mortgagor credit after the mortgage was executed, but before the same was filed for record. In addition to the authorities cited in the opinions in those two cases, we call attention to the case of Crippen v. Fletcher, 56 Mich. 386, 23 N. W. 56, in which the supreme court of Michigan says: "We have heretofore held that a chattel mortgage not seasonably filed is void, and not merely presumptively void, against creditors whose rights intervene between the making and filing, Haynes v. Leppig, 40

Mich. 607; Hurd v. Brown, 37 Mich. 484; Fearey v. Cummings, 41 Mich. 383, 1 N. W. 946; Cummings v. Fearey, 44 Mich. 39, 6 N. W. 98; Waite v. Mathews, 50 Mich. 392, 15 N. W. 524; Wallen v. Rossman, 45 Mich. 333, 7 N. W. 901. The law does not require previous proceedings to exhaust other remedies. The garnishee law is unconditional upon this subject, and garnishee proceedings will reach the assets if they exist. When the debt is not incurred on the credit of an apparently clear title, which is, in fact, covered by a secret mortgage, the cases cited hold that there is no right to complain of a subsequent mortgage, without taking some step which puts the creditor on a different legal footing than that of a quiescent party. But, when a chattel mortgage exists and is concealed, it is, under the statute, void, for the reason that it produces a false appearance of entire solvency, when, in fact, a person known to have mortgaged his stock would not be as likely to get credit as one who had given no such security, and those who deal with such a debtor are liable to be defrauded by appearances. One who gives credit under such circumstances is necessarily exposed to that mischief, and the law has removed all questions of suspicion or notice by making chattel mortgages void, at all events, against creditors who deal with a debtor so situated. Such creditors are directly within the policy of the statute. The court committed no error in holding the garnishee liable, and the judgment should be affirmed." See, also, Vreeland v. Pratt (Sup.) 17 N. Y. Supp. 307; Karst v. Gane (Sup.) 16 N. Y. Supp. 385. The findings of the court, independent of the fourteenth finding, which is more in the nature of a conclusion of law than a finding of fact, do not, therefore, support the conclusions of law nor the judgment rendered; and the eleventh, twelfth, and thirteenth assignments of error are therefore well taken, and entitle the plaintiffs to a reversal of the judgment.

It is contended, by the counsel for the respondents, that the plaintiffs are not in a position to attack the defendants' mortgage, for the reason that they had secured no lien by at-

tachment, levy of execution or otherwise, upon the property included in the chattel mortgage. But we are of the opinion that the plaintiffs by obtaining a judgment, and by bringing this action in the nature of a creditors' bill, have brought themselves within the rule applicable to this class of cases. Possibly, had the plaintiffs sought to subject the property to the payment of their claims only, an attachment of the property or the levy of an execution upon the same would have been required to entitle them to contest the validity of the mortgage; but in the case at bar, the action being for the benefit of creditors generally, it is sufficient, for the reason that the plaintiffs, in their complaint, allege "that said purported mortgage covered and included all the property of said Lowry not exempt from execution, and did cover and include all the property of said Lowry, which he owned or possessed, liable to sale on execution for the payment of his debts, and that, thereupon, on the filing of said purported mortgage, the said Brace, Carpenter, and bank immediately took possession of all of said property, and now purport and claim to hold the same thereunder," and on on the trial sought to prove the facts so alleged but were prevented from doing so by the rulings of the court excluding the evidence upon the objections of counsel for the defendants. Mr. Lowry, the mortgagor and judgment debtor, was called as a witness by the plaintiffs, and, after some preliminary questions, was asked: "Where was your store located in 1893? A. 105 North Phillips Ave., Cataract Block. Q. Was that the only stock you had in Sioux Falls at the time? A. It was. Q. What property other than what you had in your drug business, or in your mercantile business, did you possess? (Defendants object to the question as irrelevant and immaterial. Objection sustained. Plaintiffs except.)" The plaintiffs' counsel then made the following offer: "We now offer to show, by this witness, that during the year 1893, and at the time of the execution of the assignment purported to be set forth in the complaint, the defendant George W. Lowry, the mortgagee,

possessed no other property liable to levy or sale on execution, other than included within the mortgage." To this offer the defendants interposed the following objection: "We object to the offer as being inadmissible under the pleadings, from the fact that the complaint states and admits that the mortgage was executed and delivered, and all the testimony as to the solvency or insolvency of the defendant Lowry, in the year 1893, is immaterial and irrelevant, the mortgage being dated April 10, 1891." This objection was clearly untenable, as the object of the evidence seems to have been to show that Lowry had no property, other than that included in the mortgage, out of which the creditors of Lowry could collect their claims, and thereby show that the issuing of an execution by the plaintiffs upon their judgment would have been a useless and an idle act, which the law never requires to be done. The plaintiffs, it must be presumed, for the purposes of this decision, could have proven the facts they offered to prove. The exclusion of this evidence was clearly error, for which the plaintiffs, in any event, would be entitled to a new trial. Had the plaintiffs been permitted to prove the facts they offered to prove, they would have brought themselves and those for whom the action was instituted clearly within the requirements of a creditors' bill, entitling them to contest the validity of the chattel mortgage in this action without first securing alien upon the mortgaged property. To require the plaintiffs, who are proceeding for the creditors generally, to incur the expense of seizing and holding the property pending the action, would be to impose an unnecessary burden upon them. Even where the plaintiff is proceeding to subject the property to his own individual debt, a lien is not always necessary. In Paper Co. v. Guenther, 67 Wis. 101, 30 N. W. 298, and Crippen v. Fletcher, *supra*, the right of the judgment creditor was asserted by means of the garnishee process in the same action in which the judgments were recovered and the proceedings seem to have been regarded as regular and proper. We see no reason therefore, why creditors who have

obtained a judgment may not attack a chattel mortgage by an action in the nature of a creditors' bill.

The counsel for the respondents further contends that the doctrine enunciated in Griswold v. Sundback, 4 S. D. 441, 57 N. W. 339, and in Bank v. North, 2 S. D. 460, 51 N. W. 96, is inconsistent with the positions taken by the counsel for the appellants in this case, and which we hold are correct. But we are of the opinion that the views herein expressed are not inconsistent with those decisions. In the former case the rule is stated, generally, that a creditor cannot attack a conveyance merely on his contract. He must have either an attachment or a levy upon execution when he seeks to attack a conveyance of personal property between other parties, or a judgment or bill in equity as to real estate: This was correct, as applied to the facts in that case, which were that the defendant, as sheriff, has lost his lien under the attachment in his hands. He had no other claim upon the property, and; hence, he could not be permitted to show that the sale was void as to the attaching creditor in order to justify his possession of the property. Under these facts, we said, no mere outsider or person having no lien, either by contract or process, could litigate any question of fraud arising upon the purchase or transfer of property by other persons. But creditors who have obtained a judgment, and are seeking, in a court of equity, to subject property of the judgment debtor, in the hands of a third party, to the payment of the judgment, occupy an entirely different position. In the latter case the mortgage was attacked as fraudulent in fact, by reason of the previous dealings of the mortgagors and mortgagees. This court held, in that case, that the attacking creditor must, upon such claim, show that he had suffered injury by reason of the prior alleged fraudulent transaction. But in the case at bar the law declares the effect of withholding the mortgage from record, as against creditors who have extended the credit to the mortgagor while the mortgage is so withheld from record. The judgment of the court below is reversed, and a new trial ordered.