CAMPBELL, HUNT & ADAMS V. S. P. RICHARDSON AND D. B.
EICHOLZ.

(Filed September 2, 1897.)

1. CHATTEL MORTGAGE—*Execution Of—When Sufficient to Entitle Same
to be Filed.* Under sec. 3275, Okla. St., 1893, a chattel mortgage
must be executed "in the presence of two persons, who must
sign the same as witnesses thereto," in order to entitle it to be
filed for the purpose of giving constructive notice of its existence;
and such mortgage, when executed in the presence of but one
subscribing witness, is void as against creditors and subsequent
*bona fide* purchasers and incumbrancers of the mortgagor, al-
though the same be deposited with the register of deeds of the
proper county for the purpose of being filed.

2. SAME—*Validity Of—Creditors—Who Are Such.* Section 3270, Okla. St.,
1893, providing that "a mortgage of personal property is void as
against creditors of the mortgagor, * * unless the original, or
an authenticated copy thereof, be filed" in the proper office,
applies not only to creditors who become such after the execu-
tion of the mortgage but also to those whose debts existed before
that time; and such mortgage is void as to all creditors of the
mortgagor unless same, or an authenticated copy thereof, be
so filed.

(Syllabus by the Court.)

*Error from the Probate Court of Kingfisher County; before
John J. Raymaker, Probate Judge.*

*Botsford, Deartherage & Young* and *John J. Bradley,* for
plaintiffs in error.

*W. W. Noffsinger,* and *Antrobus & Stevens,* for defend-
ants in error.

### STATEMENT OF FACTS.

This action was commenced in the probate court of
Kingfisher county by defendant in error, S. P. Richard-
son, against defendant in error, D. B. Eicholz, on July

9, 1896, for the sum of $390.10, balance due on a promissory note given by said Eicholz to said Richardson for the sum of $1,565.10, dated June 20, 1896; the entire consideration of said note being advancements of cash made by said Richardson to said Eicholz between the latter part of September, 1895, and said June 20, 1896.

As security for payment for said promissory note, the said Eicholz also executed, on the said June 20, 1896, a chattel mortgage on certain cattle owned by and in the possession of said Eicholz, and on said July 9, 1896, the said Richardson foreclosed his said chattel mortgage and sold the cattle covered thereby and applied the net proceeds derived from said sale to the payment of said note, leaving a balance due of said sum of $390.10

On May 19, 1896, the said Eicholz, for a valid and sufficient consideration, gave to plaintiffs in error his promissory note for the sum of $500 payable on demand after date, and on June 18, 1896, executed to said plaintiffs in error a chattel mortgage on certain cattle to secure the payment of said note, which said chattel mortgage was signed by said Eicholz, the mortgagor, in the presence of but one witness who subscribed same as such, to-wit: G. W. Fletcher, the said Eicholz also attaching an affidavit therto to the effect that he was on said date the lawful owner of the property described therein, and had full power to mortgage the same, etc.; and said chattel mortgage was filed by depositing same in the office of the register of deeds of said Kingfisher county at 9:30 o'clock A. M. on said June 18, 1896.

At the commencement of said action, the said S. P. Richardson, plaintiff below, caused an attachment to be

issued and levied upon the same cattle described in the mortgage given by the said Eicholz to plaintiffs in error as the property of said Eicholz, and on July 16, 1896, the said plaintiffs in error filed their interplea in said action, claiming a specific ownership in, or lien upon, said cattle by reason of their said chattel mortgage.

The record in this case also shows that the said plaintiff below had actual knowledge of the existence of the chattel mortgage given by Eicholz to the interpleaders, before the commencement of said action, by having seen and examined same, together with his attorney, and having been informed personally of the existence thereof by one B. F. Mank, and also by a letter from the said interpleaders.

In addition to their interplea, the said plaintiffs in error filed a motion in said case to discharge the attached property on the ground that they (interpleaders) had a mortgage thereon which had not been paid by the plaintiff therein prior to the commencement of said action.

The said S. P. Richardson, plaintiff below, demurred to said interplea, on the ground that same did not state facts sufficient to constitute a cause of action in favor of the interpleaders; and said demurrer, together with the motion to discharge the attached property, were submitted to the court upon an agreed statement of facts, the material portions of which have hereinbefore been set out, and the court thereupon sustained said demurrer to the interplea of the plaintiffs in error and overruled their motion to discharge the attached property, and entered judgment for the defendant in error, S. P. Richardson, for the amount claimed by him against the said D. B. Eicholz, and sustained said attachment.

Opinion of the court by

KEATON, J.: Upon the facts above stated and disclosed by the record in this case, two important questions are presented for determination.

First, whether or not, under the provisions of our statutes, a chattel mortgage executed in the presence of but one witness, and therefore not entitled to be filed, is valid as against a creditor of the mortgagor who has actual knowledge of the existence of said mortgage, prior to the time of acquiring, by attachment or other judicial proceeding, a specific lien on the property covered by such mortgage.

Second, whether or not the word "creditors" mentioned in section 3270, Okla. St. 1893, includes all persons to whom such mortgagor is indebted at the time of the execution of the mortgage, as well as those to whom he became indebted subsequently to the execution thereof, or only the latter class.

Said sec. 3270 reads as follows: "A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is, at such time, situated;" and sec. 3275 relating to the execution of chattel mortgages is in the following language: "A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed." The authorities unanimously hold, and counsel for both par-

ties herein practically concede, that the filing of a chattel mortgage, which was not executed in a manner authorizing same to be filed for record, gives it no greater force than if it had remained unfiled.

Inasmuch as that portion of our statutes of 1893, relating to mortgages, to-wit, chapter 51 thereof, was originally taken from the compiled laws of Dakota, counsel for both parties to this action base their respective contentions principally upon decisions of the state of South Dakota construing provisions of the statutes of that state identical with those of this Territory above set out.

Counsel for defendant in error rely largely upon the case of *Kimball Co., v. Kirby*, decided by the supreme court of South Dakota, on August 2, 1893, and reported in 55 N. W., at page 1110, wherein it is held, in section 4379, Comp. Laws, providing that "a mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed," etc., it seems the words "in good faith for value" apply only to subsequent purchasers and incumbrancers, and not to creditors; and counsel for plaintiffs in error contend that the decision of the supreme court of South Dakota in *Kimball Co., v. Kirby*, *supra*, is overruled, or at least so modified as to render it no longer an authority in support of the defendant in error's position, by the latter decision of said court in *Walter A. Wood Mowing and Reaping Mach. Co. v. Lee*, 57 N. W. 238, wherein it is held that, "a mortgage of personal property is valid, as between the parties thereto, and as to subsequent purchasers and incumbrancers having actual notice of such mortgage, though it may not be attested by any

subscribing witness." A compliance with the conditions prescribed in section 4384, Comp. Laws, that, "a mortgage of personal property must be signed in the presence of two persons who must sign the same as witnesses thereto," is only required in order that such mortgage may be entitled to be filed in the office of register of deeds of the proper county, and operate as constructive notice to creditors, subsequent purchasers and incumbrancers who have no actual notice of such mortgage."

A careful examination of these two decisions will show that there is no conflict between them, and that the former is directly in point upon the first proposition to be determined in this case, while the latter is based upon a contest between prior and subsequent mortgagees, and while some portions of the language used therein is, perhaps, broad enough to include creditors as well as subsequent purchasers and incumbrancers, yet no question was involved affecting the rights of any general creditor of the mortgagor, and no reference whatever is made in the opinion to the former decision of said court in *Kimball Co. v. Kirby.*

If, however, there is any room for doubt, after an examination of same, as to whether or not the supreme court of South Dakota intended by the latter of these two decisions to overrule or, in any wise modify the former, such doubt has been entirely removed by the still more recent decision of said court in *Noyes v. Brace,* 65 N. W. 1071, which was decided January 27, 1896, and specifically approves the decision in *Kimball Co. v. Kirby, supra,* holding that, "by the provisions of sec. 4379, Comp. Laws, a chattel mortgage, executed and delivered, but not properly deposited in the office of the register of deeds of

the county, is void, as against the creditors of the mortgagor, who became such while such chattel mortgage was withheld from the record." (See also, *Jewett v. Lundback*, [S. D.] 58 N. W. 20.)

We think said section 3270 of our statutes should receive the same construction as that given section 4379 Comp. Laws, South Dakota, by the supreme court of that state in *Kimball Co., v. Kirby, supra*, in so far as it is therein held that the words "in good faith for value applies only to subsequent purchasers and incumbrancers, and not to creditors."

In this position we are also supported by a pronounced majority of the decisions of the supreme courts of other states, based upon similar statutes, among them being the following: *Karst v. Gane*, 136 N. Y. 316, 32 N. E. 1073; *Wilson v. Leslie*, 20 Ohio 161; *Cooper v. Koppes*, [Ohio] 15 N. E. 662; *Brothers v. Mundell, Munzesheimer & Co.*, 60. Tex. 240; *Freiberg v. Magale*, [Tex.] 7 S. W. 684; *Earl v. Burch*, 21 Neb. 702, 33 N. W. 254; *Ransom v. Schmela*, [Neb.] 12 N. W. 926; *Crippen v. Fletcher*, 56 Mich. 386, 23 N. W. 56.

There are a number of decisions of very able courts, based upon statutes relating to the transfer of real property which are somewhat similar to the provisions of our own now under consideration in so far as the filing for record of the instruments of conveyance for the purpose of giving constructive notice is concerned, holding contrary to the position herein taken. (*Leinenkugul v. Kehl*, 73 Wis. 238, 40 N. W. 683; *Westerley Sav. Bank v. Stillman Manufg. Co.*, [R. I.] 17 Atl. 918· *Waterhouse v. Black*, [Iowa] 54 N. W. 342.)

We come now to the consideration of the second proposition involved, *i. e.,* whether or not the provision of said section 3270 that such a mortgage as the one upon which plaintiffs in error base their claim "is void as against creditors of the mortgagor" applies only to the creditors who become such after the execution of the mortgage, or also to those whose debts existed prior to that time.

While it is suggested in both *Kimball Co. v. Kirby* and *Noyes v. Brace, supra,* this question has never been squarely passed upon by the supreme court of either North Dakota or South Dakota, so far as we can ascertain. In said case of *Kimball Co. v. Kirby,* the question is noticed and dismissed by the following language: "It is unnecessary to discuss or determine in this case whether the term 'creditors' in said section should be held to mean creditors generally, or only those who became such after the execution of the mortgage. It certainly includes the latter. There is nothing in the abstract showing when this creditor became such. No point is made by appellant that the evidence was insufficient to show him a creditor, within the meaning of the statute, and so in position, in that respect, to claim protection against this unfiled mortgage. The judgment is presumed to be in all respects right. We could not, upon this record, assume that he was a prior creditor, even if that would, without question, defeat his claim, for that would be to presume against the correctness of the judgment, instead of in favor of it."

In the recent case of *Noyes v. Brace, supra,* the court, after reciting the facts, which placed the mortgage therein considered within the provisions of said section 4379,

Comp. Laws, South Dakota, simply state, that in *Kimball Co. v. Kirby*, and *Jewett v. Sundback, supra*, "this court held that such a chattel mortgage, not properly filed for record, was void, under this section, as against creditors who gave the mortgagor credit after the mortgage was executed, but before the same was filed for record."

It seems that the supreme court of Michigan has repeatedly decided the precise question, and held that the similar provisions in the statutes of that state only applies to those creditors who become such after the execution of the mortgage. (See *Crippen v. Fletcher, supra*, and cases therein cited.)

Notwithstanding the esteem in which the supreme court that decided the last case cited is universally held, we do not think that the language of this section of the statute, or the object which the legislature intended to accomplish thereby, warrants the interpretation given same, in this respect, by said court. No possible rule of construction can be adopted which will authorize a court to hold that the adjective "subsequent" relates to and modifies the noun "creditors" as well as "purchasers and incumbrancers;" and as this word "subsequent" clearly only relates to the latter, do not the recognized rules of to accomplish thereby, warrants the interpretation given interpretation require that the word "creditors" be given a general application so as to include all those persons of that class, whether antecedent or subsequent to the execution of the mortgage?

If the word "subsequent" were not used in said section at all, we know of no rule of construction by which the words "purchasers and incumbrancers" could be held to include only those who become such after the execution

of the mortgage.    It is certain that the legislature took this view, or said word "subsequent" would not have been placed therein; and if the use of the said qualifying word is necessary to limit the application of the words "purchasers and incumbrancers" to those persons, included within that class, who become such after the execution of the mortgage, why would it not also be necessary to so qualify the word "creditors" in order to so restrict its application?

This precise question was decided in *Karst v. Gane, supra*, by the supreme court of New York in a very able and exhaustive opinion delivered by Chief Justice Andrews, and fully concurred in by all the associate justices of said court except Maynard, not voting; and it is therein held, upon a statute identical with ours, in this regard, that Laws 1833, ch. 279, sec. 1, which provides that a mortgage of chattels not accompanied by an immediate delivery, and an actual and continued change of possession, shall be absolutely void, 'as against creditors of the mortgagor,' unless filed in the proper office, applies, not only to creditors who become such after the execution of the mortgage, but also to those whose debts existed before that time."

While this exact point does not seem to have been given special consideration in any other decision which the writer has examined, yet the language of many clearly indicates that the courts delivering them make no distinction between that class of creditors whose claims are antecedent to the execution of the mortgage and those who extended the mortgagor credit subsequently thereto.

"When possession of property described in a chattel mortgage remains with the mortgagor, and the instru-

ment is not filed as required by the statute, the mortgage is absolutely void as to creditors of the mortgagor, no matter whether they had actual notice of the mortgage or not, and without regard to whether they were creditors. in good faith." (*Brothers v. Mundell, Munzesheimer & Co.* 60 Tex. 240.)

"A chattel mortgage is good, between the parties thereto and all others except creditors of the mortgagor or subsequent purchasers and mortgagees in good faith. though not filed as required by statute." (*Fuller v. Brownell,* [Neb.] 67 N W. 6.)

"A chattel mortgage which is not reverified and refiled within 30 days next preceding the expiration of one year from the filing thereof, in pursuance of section 4155, Rev. St., is void as against creditors and *bona fide* purchasers. and mortgagees; nor is it revived as to them by being reverified and refiled after the expiration of one year from the former filing." (*Cooper v. Koppes, supra.*)

We therefore conclude that, notwithstanding that the agreed statement of facts shows at least a portion of the indebtedness due from the said D. B. Eicholz to the said S. P. Richardson, and sued on herein to have accrued prior to the execution of the mortgage by the former to plaintiffs in error, still the said Richardson was a creditor of said mortgagor within the meaning of the statute, and that his attachment lien on the cattle is superior to that acquired by plaintiffs in error by virtue of their said chattel mortgage which was not executed in such manner as to entitle it to be filed for the purpose of giving constructive notice to all persons.

No other question being presented for determination in the case, the judgment and order of the probate court is affirmed.

All the Justices concurring.